JOHN ERNEST COLLE, APPELLANT, v. THE
STATE OF NEVADA, RESPONDENT.

No. 5700

May 2, 1969                              454 P.2d 21

*Herbert J. Santos,* of Reno, for Appellant.

*Harvey Dickerson,* Attorney General; *William J. Raggio,* District Attorney, and *Virgil D. Dutt,* Deputy District Attorney, Washoe County, for Respondent.

## OPINION

By the Court, MOWBRAY, J.:

John Ernest Colle was tried by jury and convicted of interfering with a public officer in the performance of his duty, a violation of NRS 197.090,[1] which offense is a gross misdemeanor. The trial judge sentenced him to serve 125 days in the county jail or, in the alternative, to pay a $500 fine. Colle

---

[1]NRS 197.090. "Interfering with public officer. Every person who, by means of any threat, force or violence, shall attempt to deter or prevent any executive or administrative officer from performing any duty imposed upon him by law, or who shall knowingly resist by force or violence any executive or administrative officer in the performance of his duty, shall be guilty of a gross misdemeanor."

has appealed from the guilty verdict, asserting several assignments of error which constitute his grounds for reversal.

Colle is an independent trucker, operating in Southern California. He solicits hauling jobs and then engages trucking firms to do the actual hauling. On May 8, 1968, Officer Michael M. Fortune, a Motor Carrier Field Agent for the State of Nevada, stopped a Diamond T truck-tractor pulling a semitrailer, for a routine motor carrier check. The inspection revealed that the truck had a fictitious license plate and a faulty registration certificate and that the driver, Marvin B. Rabone, had failed to purchase the required Nevada one-trip license certificate. Officer Fortune advised Rabone that it would be necessary for Rabone to accompany him to the Nevada Motor Carrier Division office in Reno. Rabone asked if he could first telephone his superior, Mr. Francis Murphy, for the purpose of advising Murphy of what had occurred. Rabone, with the assistance of the Nevada and California Highway Patrols, located Murphy and Colle. Both were advised that Officer Fortune was taking Rabone to Reno. When Rabone and Fortune arrived at the Reno office, Fortune received a telephone call from a man who said he was Colle, and who inquired regarding the whereabouts of the truck and Rabone. When Officer Fortune attempted to explain that the truck would be impounded and that two citations would be issued to Rabone, Colle became abusive in his language, and he demanded to know the location of the truck at that very moment. Fortune refused to tell him, as it was en route to be impounded in Reno; whereupon, Colle cursed Fortune and said, "Punk, I wish I had my hands on you now." Colle then inquired as to Fortune's location, and when Fortune told him it was at the Nevada Motor Carrier Division office, 1775 Mill Street in Reno, Colle informed him that he would be there in 5 or 10 minutes and told Fortune to have plenty of help because when he, Colle, arrived, Fortune would be in great need of it. Fortune telephoned his senior officer, who came immediately to the office. The two officers waited for Colle, who soon appeared with another man. Fortune asked, "Which one of you is Mr. Colle?" Colle identified himself and, upon inquiry, stated that he was the one who had had the conversation with Fortune on the telephone. Colle was then placed under arrest and charged with a violation of NRS 197.090, supra.

1. Colle claims that the language he used could not be construed as an attempt to deter or prevent Officer Fortune

from performing his duty and that for that reason the State failed to carry its burden of proof. We do not agree. The jury could reasonably infer from Colle's conversation and his actions that he wanted to know "the location of the truck now," so that he could prevent it from being impounded, and that when the officer refused to tell him, Colle then threatened Fortune with physical violence. Sufficient evidence was introduced from which reasonable inferences could be drawn to support the jury's verdict.

2. Colle next asserts that the trial judge committed reversible error in refusing to grant his motion for a mistrial. The deputy district attorney asked Colle in the presence of the jury the following questions regarding his prior record:

"Q. [By Mr. Mathews, attorney for the State] Mr. Colle, were you convicted of interstate transportation of stolen property in Chicago, Illinois, in 1964?

"A. No. I pled guilty to a charge. There was no trial.

"Q. Did you receive a three-year sentence?

"Mr. Santos [counsel for Colle]: Objection, your Honor, as to the sentence. He asked the name.

"Mr. Mathews: I will withdraw the question, your Honor."

The prosecutor's questioning was based on a "rap sheet" received from the FBI. The sheet indicated that Colle had been convicted of interstate transportation of stolen property and that he had received a 3-year, suspended sentence with 2 years' probation. The prosecutor apparently did not know whether or not this offense was a felony. In an effort to determine whether it was a felony, the jury was excused and a conference occurred among counsel, the judge, and the defendant, at which time the defendant admitted the conviction but stated in substance that he did not know whether the conviction was a felony. Thereafter, the jury was returned, and the examination of Colle, supra, occurred in their presence. We must decide whether the questioning of Colle amounted to reversible error.

The prosecutor's preparation for the examination did not meet the requisites as defined by the court in Fairman v. State, 83 Nev. 287, 289, 429 P.2d 63, 64 (1967):

"It is true that without a properly authenticated copy of Fairman's conviction of the week before, no proof could otherwise be made of it. It was error for the prosecution to ask the question because it was unprepared to prove its [the prior felony conviction's] existence in the event of Fairman's denial."

The offense was a felony as defined in 18 U.S.C.A. § 2314 (1969),[2] the maximum penalty for which is a fine of $10,000 and/or imprisonment not to exceed 10 years. And 18 U.S.C.A. § 1 (1969)[3] defines a felony as any offense punishable by imprisonment by a term exceeding one year. Evidently the prosecutor was unaware of these provisions of U.S.C.A. and sought, rather, to obtain this information by asking the classification of the offense from the defendant, Colle, outside the jury's presence, which conduct we disapprove as improper and unnecessary. The Supreme Court of New Mexico in State v. Williams, 417 P.2d 62, 65 (N.M. 1966), held: "All reasonable care, and the utmost good faith, must be exercised by the prosecutor, when questioning an accused about prior convictions, to the end that an accused is not prejudiced by suggestions that he has been convicted of a misdemeanor or felony, when in fact he has not been so convicted."

There was no evidence that the prosecutor acted in bad faith in the case before us. For that reason, and because the offense was in fact a felony, we conclude that the questions of the prosecutor did not constitute reversible error and that the trial judge properly denied Colle's motion for a new trial.

3. The trial judge, in instructing the jury, gave the following instruction:

"The fact that a witness had been convicted of a felony, if such be a fact, may be considered by you for only one purpose,

---

[2] 18 U.S.C.A. § 2314 (1969). "Transportation of stolen goods, securities, moneys, fraudulent State tax stamps, or articles used in counterfeiting

"Whoever transports in interstate or foreign commerce any goods, wares, merchandise, securities or money, of the value of $5,000 or more, knowing the same to have been stolen, converted or taken by fraud; . . .

". . .

"Shall be fined not more than $10,000 or imprisoned not more than ten years, or both."

[3] 18 U.S.C.A. § 1 (1969). "Offenses classified

"Notwithstanding any Act of Congress to the contrary:

"(1) Any offense punishable by death or imprisonment for a term exceeding one year is a felony.

"(2) Any other offense is a misdemeanor.

"(3) Any misdemeanor, the penalty for which does not exceed imprisonment for a period of six months or a fine of not more than $500, or both, is a petty offense."

namely, in judging the credibility of that witness. It is simply one of the cricumstances that you are to take into consideration in weighing the testimony of such a witness."

Appellant asserts that the instruction was in error because the record does not establish that Colle's prior offense of interstate transportation of stolen property was a felony. Since the offense charged was a felony as a matter of law, we find no merit in this assignment of error.

4. Finally, appellant urges that the trial judge erred in not charging the jury that Colle could have been convicted of a lesser included offense, namely, a violation of NRS 197.190,[4] which is a misdemeanor. This court held in Barger v. State, 81 Nev. 548, 407 P.2d 584 (1965), that a defendant in a criminal case is entitled to have the jury instructed on his theory of the case as disclosed by the evidence, no matter how weak or incredible the evidence may appear to be. See People v. Carmen, 228 P.2d 281 (Cal. 1951). The record in this case discloses that Colle's sole defense was that he never made the threats via the telephone to Officer Fortune, but that they were made by Murphy. It was proper to reject the instruction regarding the lesser included offense, since it was not related to any theory of Colle's defense.

As none of the assignments of error has merit, the judgment is affirmed.

COLLINS, C. J., ZENOFF, BATJER, and THOMPSON, JJ., concur.

---

[4]NRS 197.190. "Obstructing public officer. Every person who, after due notice, shall refuse or neglect to make or furnish any statement, report or information lawfully required of him by any public officer, or who, in such statement, report or information shall make any willfully untrue, misleading or exaggerated statement, or who shall willfully hinder, delay or obstruct any public officer in the discharge of his official powers or duties, shall, where no other provision of law applies, be guilty of a misdemeanor."