■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. ROBERT STANFIELD, Appellant.— Judgment of conviction, Supreme Court, New York

County, rendered October 29, 1971, after trial to a jury, unanimously reversed, on the law, and the case remanded for trial anew. We hold it to have been error on this trial for manslaughter, second degree (Penal Law, § 125.15, subd. 1), for the court to have refused the request made both by prosecution and defense that criminally negligent homicide (Penal Law, § 125.10) be charged as a lesser included offense. The case against defendant-appellant was virtually proven entirely out of his own mouth by his voluntary statement to police summoned by him after the tragic death of his common-law wife. He had come home to her and leveled an accusation that she had entertained another during his absence. When this was denied, he produced a derringer from a drawer, cocked it, and said he would shoot her. His actions apparently did not inspire terror, for she told him to stop fooling and slapped his hand. As a result, the gun discharged and she was fatally shot. Defendant said that he neither pulled the trigger nor intended to do so. His version of how the gun went off was corroborated by police expert evidence that the slap could have brought about the weapon's discharge. It is thus easily apparent that the shot could have been fired without intent on defendant's part, as the end result of his thoughtless act in presenting the pistol at his wife's breast. It is the court's duty in charging a jury to submit a lesser included offense " if there is a reasonable view of the evidence which would support a finding that the defendant committed " it but not the more serious crime. (See CPL 300.50, subd. 1; *People* v. *Usher,* 39 A D 2d 459.) That is the situation here. Criminally negligent homicide (Penal Law, § 125.10) is a lesser degree of homicide included in manslaughter, second degree (Penal Law, § 125.15, subd. 1) in the circumstances described. The former is said to be a lower form or degree of the recklessness referred to in the latter. (See Practice Commentary, McKinney's Cons. Laws of N. Y., Book 11A, Penal Law, § 125.10, p. 224.) A definition found in *People* v. *Hille* (42 A D 2d 881, 882) bears this out: " second degree manslaughter requires affirmative proof of an element of reckless disregard of a risk to others, and criminally negligent homicide requires an affirmative showing of negligence in failure to perceive a risk of danger to others (Penal Law, § 15.05, subds. 3. 4) ". The statutory definition of lesser included crime (CPL 1.20, subd. 37) is satisfied: " ' Lesser included offense.' When it is impossible to commit a particular crime without concomitantly committing, by the same conduct, another offense of lesser grade or degree, the latter is, with respect to the former, a ' lesser included offense.' " It is obvious that one who fails to perceive the possible danger inherent in holding a gun to another when he has no intention of pulling a trigger is at least negligent. If he perceives the possibility that an outside blow, i.e., a slap of the hand, might discharge the weapon, then he is reckless but he is at least negligent. It is the perception of possible risk to others which governs. On the evidence, the jury could easily have found that defendant was no more than negligent in not foreseeing the possibility of the slap. The fact that, not having a choice, they convicted of the more serious crime, does not cure the error in not charging the less serious crime (*People* v. *Valle,* 15 N Y 2d 682 revg. 21 A D 2d 765 upon the dissenting opinion there). Defendant is entitled to a new trial in which the lesser included crime will be submitted to the jury. Concur — Markewich, J. P., Nunez, Tilzer and Lane, JJ.