**James Earl TENNER, Appellant,**

v.

**STATE of Texas, State.**

**No. 2–86–285–CR.**

Court of Appeals of Texas,
Fort Worth.

Dec. 23, 1988.

Michael Logan Ware, Law Offices of Lane, Lane & Ware, Fort Worth, for appellant.

Tim Curry, C. Chris Marshall, Criminal Dist. Attys., Ken Dies, Robert Mayfield, Darrell Adkerson, Asst. Criminal Dist. Attys., for State.

Before BURDOCK, HILL and LATTIMORE, JJ.

## OPINION

HILL, Justice.

James Earl Tenner appeals his conviction by a jury of the offense of murder. *See* TEX.PENAL CODE ANN. sec. 19.01 (Vernon 1974). The jury answered true to three enhancement paragraphs and assessed Tenner's punishment at ninety-nine years in the Texas Department of Corrections. In five points of error, Tenner asserts the trial court erred in failing to submit to the jury the lesser-included offenses of negligent homicide and involuntary manslaughter, and in overruling his objection to arguments by the prosecutor which he characterizes as comments on Tenner's failure to testify, in violation of his rights under the Fifth Amendment to the United States Constitution, article I, section 10 of the Texas Constitution, and article 38.08 of the Texas Code of Criminal Procedure.

We affirm, because we find the evidence does not establish that if Tenner were

guilty at all, he was guilty only of the offense of negligent homicide or of involuntary manslaughter; and because we find the argument of the prosecutor could not necessarily be construed as a comment on Tenner's failure to testify due to the fact that there were other persons present at the time of the offense.

In point of error number one, Tenner urges the trial court erred by not submitting to the jury a charge on the lesser-included offense of negligent homicide.

Tenner was upset because his daughter, Erica, had gotten into trouble at school for taking an extra milk at lunch.

Tenner's son testified that Tenner first whipped Erica with a belt. After giving her several licks, he went out the front door. When he came back, he slammed Erica to the middle of the floor. She hit the floor, then rolled over. Tenner started whipping her with the belt again. He then put down the belt, grabbed a paint stick, and started hitting the child on her back, buttocks, and leg until the stick broke. The child turned over on her back. Tenner got down on his knees, grabbed the child by her pigtails, and banged her head on the floor three times. When the child got up, she was staggering. Tenner hit her with the belt again, this time on the shoulder. She then fell over the coffee table, with her stomach and legs hitting the coffee table and her forehead striking the front cushion part of an adjacent couch.

A child protective services worker testified that Tenner told him that Erica was injured when she fell over a coffee table while he was spanking her.

The deputy chief medical examiner testified that an examination revealed multiple blunt-type injuries over the body. There were injuries to the back and top of the head that could have been caused by a carpeted floor. He expressed his opinion that the injuries to the back and top of the head were caused by a flat surface. He said that in his opinion the cause of death was a blunt injury to the head.

We must determine whether the evidence raises the issue of a lesser-included offense and whether there is testimony that, if guilty at all, the defendant is only guilty of the lesser-included offense. *See Hunter v. State*, 647 S.W.2d 657, 658 (Tex.Crim.App. 1983).

Texas Penal Code section 19.07(a) provides for the offense of criminally negligent homicide by stating that, "[a] person commits an offense if he causes the death of an individual by criminal negligence." TEX.PENAL CODE ANN. sec. 19.07(a) (Vernon 1974).

Section 6.03(d) of the Penal Code provides:

> (d) A person acts with criminal negligence, or is criminally negligent, with respect to circumstances surrounding his conduct or the result of his conduct when he ought to be aware of a substantial and unjustifiable risk that the circumstances exist or the result will occur. The risk must be of such a nature and degree that the failure to perceive it constitutes a gross deviation from the standard of care that an ordinary person would exercise under all the circumstances as viewed from the actor's standpoint.

TEX.PENAL CODE ANN. sec. 6.03(d) (Vernon 1974).

There were only two theories presented by the evidence as to how Erica suffered the injuries that caused her death. One theory was that Tenner caused it by grabbing the victim's hair and slamming her head against the floor. The other theory was that the injury might have been caused when the child fell over the coffee table and hit her head on the couch.

The jury found that Tenner intentionally, with intent to cause serious bodily injury, committed an act clearly dangerous to human life, which caused the child's death.

If the child's death were caused by his slamming the child's head against the floor, Tenner would not be entitled to an instruction on criminally negligent homi-

cide because those facts are consistent with the offense of murder as found by the jury. Nothing in the record reflects a lack of intent on Tenner's part to cause the child serious bodily injury.

Since the evidence in that event is consistent with the offense of murder as found by the jury, and since there is no evidence reflecting a lack of intent to cause serious bodily injury, it follows that the evidence would not then establish that if Tenner were guilty at all he would only be guilty of criminally negligent homicide. *See Johnson v. State*, 681 S.W.2d 648, 651 (Tex. App.—Houston [14th Dist.] 1984, pet. ref'd).

We note also that in the Practice Commentary following section 6.03 of the Penal Code, the examples given of criminal negligence are limited to conduct which, although dangerous, creates only a risk of harm which the actor ought to have perceived. None of the examples cited relate to conduct which directly causes harm.

On the other hand, if we assume death occurred as a result of the child falling over the coffee table and hitting her head on the front cushion part of the couch, Tenner would not be entitled to the charge for the reason that under the circumstances the risk of the child falling over a coffee table and suffering death or other serious bodily injury would not have been a substantial risk of which Tenner ought to have been aware. Consequently, the failure to perceive such a risk would not constitute a gross deviation from the standard of care that an ordinary person would exercise under all the circumstances as seen from the actor's standpoint. Therefore, assuming this alternative, Tenner would not be entitled to a charge on criminally negligent homicide.

Tenner relies on the cases of *McKenzie v. State*, 521 S.W.2d 637 (Tex.Crim.App. 1975) and *Stiles v. State*, 520 S.W.2d 894 (Tex.Crim.App.1975). Neither case is applicable to the facts before us in this case, regardless of which way the child suffered

the injuries which caused her death. First, the injuries suffered by the victims in those two cases were caused by an intentional act of the defendant. In this case there is no indication that the child's fall over the coffee table was caused by the intentional act of Tenner. Second, in neither of those cases was the action relied upon by the defendant an action which was directly harmful to the child. In *McKenzie*, the defendant insisted that he and the child were playing and the child was doing "flips." In *Stiles*, the defendant insisted that he was dropping a baby on a bed. In this case Tenner's act of slamming the child's head against the floor was an act which was directly harmful to the child. We find these cases to be distinguishable from this case for the reasons which we have stated. We overrule point of error number one.

In point of error number two, Tenner argues that the trial court erred by failing to charge the jury on the lesser-included offense of involuntary manslaughter.

Again, Tenner would have been entitled to such a charge only if there were evidence showing that if Tenner were guilty at all he was only guilty of the offense of involuntary manslaughter.

Section 19.05(a) of the Texas Penal Code provides, among other things which are not applicable here, that, "[a] person commits an offense if he: 1) recklessly causes the death of an individual." TEX.PENAL CODE ANN. sec. 19.05(a) (Vernon Supp. 1988).

Section 6.03(c) of the Texas Penal Code provides as follows:

(c) A person acts recklessly, or is reckless, with respect to circumstances surrounding his conduct or the result of his conduct when he is aware of but consciously disregards a substantial and unjustifiable risk that the circumstances exist or the result will occur. The risk must be of such a nature and degree that its disregard constitutes a gross deviation from the standard of care that an ordinary person would exercise under all

the circumstances as viewed from the actor's standpoint.

TEX.PENAL CODE ANN. sec. 6.03(c) (Vernon 1974).

■ Under the facts before us, regardless of whether the child's death was caused by her falling over the coffee table or by Tenner's action in banging her head against the floor, Tenner would not be entitled to such a charge.

■ As we have previously stated in our discussion of point of error number one, if we assume that death occurred as a result of the child falling over the table and hitting her head on the couch, there would have been no substantial risk of the child suffering death or serious bodily injury for Tenner to have been aware of but consciously disregard.

If, on the other hand, the child's death was caused by Tenner's act of banging her head on the floor, such an action is consistent with the offense of murder as found by the jury, and since there is no evidence reflecting a lack of intent to cause serious bodily injury, the evidence does not show that if Tenner were guilty at all he would only be guilty of the offense of involuntary manslaughter. We also note we have previously found that one is not entitled to a charge involving reckless conduct where the conduct engaged in by the defendant is directly harmful to the victim. *See Williams v. State*, 704 S.W.2d 156, 159 (Tex.App.—Fort Worth 1986, no pet.); *see also Johnson*, 681 S.W.2d at 651.

Tenner relies on the case of *Giles v. State*, 617 S.W.2d 690 (Tex.Crim.App.1981). In that case the court held that Giles was entitled to a charge of involuntary manslaughter because the evidence contained his confession which showed that he was pointing a loaded pistol at the deceased when "the gun went off." *Id.* at 691. We find the facts of that case to be consistent with the rule as we have just stated it. In that case, the act of pointing the loaded weapon at the deceased created a substantial risk of harm, but it was not in and of itself an act that was directly harmful to the deceased. The issue for the jury in that case was whether Giles intentionally fired the pistol, an act that was directly harmful to the deceased.

In this case, the deceased met death either by falling over a table, an event not shown to have been caused by Tenner and one concerning which there was no substantial risk of harm of which Tenner ought to have been aware, or the deceased met death by Tenner's action of banging her head against the floor. Tenner's act of banging the deceased child's head against the floor was an act directly harmful to the child, unlike Gile's action in pointing the loaded pistol, which was not directly harmful. In *Giles*, there was an issue as to whether he intentionally fired the pistol, the act which was directly harmful to the deceased. In this case there is no evidence which raises any question as to the fact that Tenner intended to bang the child's head against the floor. For these reasons we find *Giles* to be consistent with the rule as we have stated and applied it in this case. We overrule point of error number two.

In points of error numbers three, four, and five, Tenner insists that the trial court erred in overruling his objection to the prosecutor's comment on his failure to testify, all in violation of his rights under the fifth amendment to the United States Constitution; article I, section 10 of the Texas Constitution; and article 38.08 of the Code of Criminal Procedure.

Tenner's contentions relate to the following portion of the prosecutor's argument.

And let's talk about the coffee table. Will you assume? Will you suppose the manner in which she, according to the Defendant, ran and fell and hit the coffee table? Did anybody get up on the stand and tell you, members of the jury, "I saw her ran—run. I saw her fall, and then I saw her hit the table, and I saw the top of her head hit the table on the corner."? You're going to guess that?

MR. LANE: Objection, Judge. I believe that's possibly a comment on the

Defendant's failure to testify, and I object.

THE COURT: Overruled.

MR. LANE: Please note our exception.

MR. DIES: Are you going to assume those facts? You have to. You do.

MR. LANE: Again, Judge—

MR. DIES: You have to guess the manner in which—

MR. LANE: I object as being a comment. I renew my objection, Judge, the last comment of the prosecutor.

THE COURT: Overruled.

■ We must consider whether the language used by the prosecutor was manifestly intended or of such character that the jury would naturally and necessarily consider it to be a comment on the failure of the accused to testify. *See Banks v. State*, 643 S.W.2d 129, 134 (Tex.Crim.App. 1982), *cert. denied*, 464 U.S. 904, 104 S.Ct. 259, 78 L.Ed.2d 244 (1983). Because others, including Tenner's son, were present at the time of the offense, the prosecutor's comment did not necessarily relate to the failure of Tenner to testify; the comment may have related to the fact that the son did not testify that he saw the child's head hit the corner of the table. It is not sufficient that the language *might* be construed as an implied or indirect allusion to the accused's invocation of his fifth amendment right to remain silent. *Todd v. State*, 598 S.W.2d 286, 294 (Tex.Crim.App.1980). Tenner's reliance on the case of *Owen v. State*, 656 S.W.2d 458 (Tex.Crim.App.1983) is misplaced, because in that case the prosecutor's comment was directly related to the accused's failure to testify. We overrule points of error numbers three, four, and five.

The judgment is affirmed.

LATTIMORE, Justice, dissenting.

I respectfully dissent. Tenner contends he was entitled to a charge on the lesser-included offenses of criminally negligent homicide and involuntary manslaughter.

The events leading to the death of Erica, Tenner's nine-year-old daughter, began as an attempt to discipline the child for her misconduct at school earlier in the day. There was some evidence Erica was a disciplinary problem. Tenner whipped Erica with a belt and then with a paint stir stick. Erica's mother was present; in fact, she brought Erica back in the house after the child ran outside following the initial whipping. After the stir stick broke, Tenner knelt astride Erica on the floor and, gripping her pigtails, hit her head three times on the carpeted floor. She eluded him, fell over a coffee table, hit her head on a padded couch, and fell unconscious on the floor. She struggled to her feet, fell to her knees, and then lay on the floor crying. The appellant picked her up and took her to the middle of the floor. Erica's brother testified:

A. He lays her on the floor, and reaches over and gets the belt, and he starts whupping [sic] her.

Q. And what does your sister do?

A. She's crying and kicking her legs.

Q. Okay, and then what happens then?

A. She has stopped crying.

Q. She stopped.

A. And then when she stopped crying, he hit two more licks.

Q. When she stopped crying. Can you—

A. She didn't say anything.

Q. Okay.

A. She just laid there, and he hit two more—My father hit two more licks, and then he threw the belt over back onto the stereo.

Q. And then what happened?

A. Then my sister just laid there, so then my mother came over and picked my sister up.

Tenner, along with Erica's mother and grandfather, took Erica to the hospital. She died due to injuries to the brain.

A defendant is entitled to have the jury consider lesser-included offenses when the

evidence warrants it. *Beck v. Alabama,* 447 U.S. 625, 636, 100 S.Ct. 2382, 2389, 65 L.Ed.2d 392 (1980).

The doctrine is a valuable tool for defendant, prosecutor, and society. From a defendant's point of view, it provides the jury with an alternative to a guilty verdict on the greater offense. From the prosecutor's viewpoint, a defendant may not go free if the evidence fails to prove an element essential to a finding of guilt on the greater offense. Society may receive a benefit because, in the latter situation, courts may release fewer defendants acquitted of the greater offense. In addition, the punishment society inflicts on a criminal may conform more accurately to the crime actually committed if a verdict on a lesser included offense is permissible.

Comment, *The Lesser Included Offense Doctrine in Pennsylvania: Uncertainty in the Courts,* 84 DICK.L.REV. 125, 126 (citations omitted). A request to instruct the jury on lesser-included offenses may be regarded as a trial tactic. Ettinger, *In Search of a Reasoned Approach to the Lesser Included Offense,* 50 BROOKLYN L.REV. 191, 211 (1984); *see also United States v. Harary,* 457 F.2d 471, 478 (2d Cir.1972) (defendant may have instruction withheld from the jury if lesser-included offense is not raised by the evidence). However, refusing to instruct the jury on a lesser-included offense raised by the evidence may violate the defendant's right to have the jury consider all relevant issues of fact and may present the jury with an unacceptable Hobson's choice. When the evidence unquestionably establishes the defendant is guilty of something, and the jury is charged only on a greater offense, the jury will be tempted to convict the defendant of the greater offense even though they are uncertain about at least one of its required elements. The jury's only other choice is to find the defendant not guilty even though common sense may indicate he has committed some sort of undesirable act. *Beck,* 447 U.S. at 637, 100 S.Ct. at 2389; *Keeble v. United States,* 412 U.S.

205, 213, 93 S.Ct. 1993, 1998, 36 L.Ed.2d 844 (1973); *United States v. Johnson,* 637 F.2d 1224, 1233 (9th Cir.1980); Comment, *Lesser Included Offenses: When Is an Instruction Required?,* 30 BAYLOR L.REV. 355, 364 (1978). "[T]he failure to give the jury the 'third option' of convicting on a lesser included offense would seem inevitably to enhance the risk of an unwarranted conviction." *Beck,* 447 U.S. at 637, 100 S.Ct. at 2389; *compare Roberts v. State,* 590 S.W.2d 498, 502 (Tex.Crim.App.1979) ("The law does not insist that an accused so situated suffer such extreme options when he points to a more moderate choice which may be made available."). Proper instruction on lesser-included offenses "ensures that the jury will accord the defendant the full benefit of the reasonable-doubt standard." *Id.* 447 U.S. at 634, 100 S.Ct. at 2388. The jury should not be forced into an "all-or-nothing choice." Instructions on lesser-included offenses enhance the rationality and reliability of the jury's deliberations. *Spaziano v. Florida,* 468 U.S. 447, 455, 104 S.Ct. 3154, 3159, 82 L.Ed.2d 340 (1984). "The fact that, not having a choice, [the jury] convicted of the more serious crime, does not cure the error in not charging the less serious crime." *People v. Stanfield,* 44 A.D.2d 780, 355 N.Y.S.2d 3, 5 (1974).

Instructions on lesser-included offenses also introduce the risk of a compromise verdict. The jury could agree to find the defendant guilty of some lesser offense instead of taking the time to reach agreement on all elements of the greater offense. Ettinger, *supra* at 221–22. Likewise, the jury may be tempted to consider a lesser-included offense as an act of mercy. *United States v. Trujillo,* 497 F.2d 408, 409 (10th Cir.1974). "The court's role is to prevent the introduction of an appeal to mercy ... while admitting all supportable theories of the case." Ettinger, *supra* at 222 n. 172. The jury may be presumed to follow instructions from the court. *Rose v. State,* 752 S.W.2d 529, 554 (Tex.Crim.App. 1987). The trial court may instruct the jury to make their factual finding indepen-

dent of the punishment at stake, and the trial court may instruct the jury they must acquit the defendant of the greater charge before considering the lesser. Ettinger, *supra* at 223.

The U.S. Supreme Court has never held a defendant is entitled to a lesser-included offense instruction as a matter of due process, but "the nearly universal acceptance of the rule in both state and federal courts establishes the value to the defendant of this procedural safeguard." *Beck,* 447 U.S. at 637, 100 S.Ct. at 2389. The court cited *Christie v. State,* 580 P.2d 310, 317 (Alaska 1978) (when "there is a reasonable ground of doubt in which of two or more degrees" defendant is guilty); *State v. Valencia,* 121 Ariz. 191, 589 P.2d 434, 441 (1979) ("trial court should instruct the jury on every degree or grade of offense that is supported by the evidence"); *Westbrook v. State,* 265 Ark. 736, 580 S.W.2d 702, 707–08 (1979) ("when the evidence presented shows the accused might be convicted of a lesser offense than that charged ... it is the duty of the court to present instructions to embrace all degrees of a particular offense, and included offenses, to which the evidence is applicable"); *People v. Preston,* 9 Cal.3d 308, 107 Cal.Rptr. 300, 307–08, 508 P.2d 300, 307–08 (1973) (when there is evidence upon which the jury could find the defendant guilty of the lesser offense); *People v. White,* 191 Colo. 353, 553 P.2d 68, 70 (1976) ("A defendant is ... entitled to have the jury instructed on any lesser offense if there is a rational basis for the jury to acquit the defendant of the greater offense but convict him of the lesser offense."); *State v. Brown,* 173 Conn. 254, 377 A.2d 268, 271 (1977) (when there is "a rational basis for an acquittal on the offense charged and a conviction on the included offense"); *Matthews v. State,* 310 A.2d 645, 646 (Del.1973) (when the evidence warrants a finding of guilty on the lesser offense); *State v. Terry,* 336 So.2d 65, 68 (Fla.1976) (when lesser-included offense has an "evidentiary basis" in the pleadings and proof); *Loury v. State,* 147 Ga.App. 152, 248 S.E.2d 291, 292 (1978) (when "jury would have been authorized by the evidence to convict the defendant" of the lesser offense); *State v. Travis,* 45 Haw. 435, 368 P.2d 883, 886 (1962) ("An instruction on a lesser offense will be given only if and when the facts at the trial may warrant."); *State v. Beason,* 95 Idaho 267, 506 P.2d 1340, 1349 (1973) (when there is any evidence of the lesser offense; not required when there is no evidence); *People v. Simpson,* 57 Ill.App.3d 442, 15 Ill.Dec. 463, 468, 373 N.E.2d 809, 814 (1978) (" 'jury could reasonably find' test"); *Pruitt v. State,* 269 Ind. 559, 382 N.E.2d 150, 153 (1978) (when there is "evidence adduced at trial to which the included offense instruction was applicable"); *State v. Millspaugh,* 257 N.W.2d 513, 516 (Iowa 1977) ("factual basis in the record" test satisfied when jury could reasonably find defendant innocent of the greater offense and guilty of the lesser); *State v. White,* 225 Kan. 87, 587 P.2d 1259, 1268 (1978) (when there is "some evidence upon which a conviction of the lesser offense could be based"); *Martin v. Commonwealth,* 571 S.W.2d 613, 615 (Ky.1978) (when a finding of the lesser offense may be inferred from the evidence); *State v. Carmichael,* 405 A.2d 732, 736 (Me.1979) (when "the evidence is such that a rational jury could have determined that the accused was guilty of the lesser offense and not guilty of the greater"); *Blackwell v. State,* 278 Md. 466, 365 A.2d 545, 552 (1976) (not required when "there is no evidence supporting conviction of a lesser degree") *cert. denied,* 431 U.S. 918, 97 S.Ct. 2183, 53 L.Ed.2d 229 (1977); *Commonwealth v. Santo,* 375 Mass. 299, 376 N.E.2d 866, 871 (1978) ("A judge is required to charge the jury concerning lesser included offenses if the evidence provides a rational basis for acquitting the defendant of the crime charged and convicting him of the lesser included offense."); *People v. Jones,* 395 Mich. 379, 236 N.W.2d 461, 465 (1975) (when "evidence has been presented which would support a conviction of a lesser included offense"); *State v. Merrill,* 274 N.W.2d 99, 105 (Minn.1978) (when "the evidence would reasonably support a convic-

tion of the lesser degree, and the evidence would justify a finding of not guilty of the greater offense"); *Jackson v. State,* 337 So.2d 1242, 1255 (Miss.1976) (when "warranted by the evidence"); *State v. Stone,* 571 S.W.2d 486, 487 (Mo.App.1978) ("It is the obligation of the trial court to instruct on all lesser included offenses supported by the evidence and it is error for the court to fail to do so."); *State v. Ostwald,* 180 Mont. 530, 591 P.2d 646, 651 (1979) (when *"any* evidence exists in the record which would permit the jury to rationally find him guilty of a lesser offense and acquit him of a greater"); *State v. Hegwood,* 202 Neb. 379, 275 N.W.2d 605, 607 (1979) (quoting Minnesota standard cited *supra*); *Colle v. State,* 85 Nev. 289, 454 P.2d 21, 24 (1969) ("a defendant in a criminal case is entitled to have the jury instructed on his theory of the case as disclosed by the evidence, no matter how weak or incredible the evidence may appear to be"); *State v. Boone,* 119 N.H. 594, 406 A.2d 113, 114 (1979) ("the evidence must justify a finding of guilt of the lesser offense"); *State v. Saulnier,* 63 N.J. 199, 306 A.2d 67, 70 (1973) (when "there is a rational basis for a verdict acquitting the defendant of the offense charged and convicting him of the included offense"); *State v. Aubrey,* 91 N.M. 1, 569 P.2d 411, 412 (1977) (when there is "some evidence tending to establish the lesser offense"); *People v. Henderson,* 41 N.Y.2d 233, 391 N.Y.S.2d 563, 566, 359 N.E.2d 1357, 1360 (1976) (when there is a "rational basis"); *State v. Drumgold,* 297 N.C. 267, 254 S.E.2d 531, 533 (1979) ("a defendant is entitled to have all lesser degrees of offenses supported by the evidence submitted to the jury as possible alternative verdicts"); *State v. Piper,* 261 N.W.2d 650, 654 (N.D.1977) (when "there is evidence which will create a reasonable doubt as to the greater offense and support a conviction of the lesser included offense"); *State v. Kilby,* 50 Ohio St.2d 21, 361 N.E.2d 1336, 1338 (1977) (when "the trier of fact could *reasonably* find against the state and for the accused upon one or more elements of the crime charged and for the state on the

remaining elements, which by themselves would sustain a conviction on a lesser-included offense"); *Gilbreath v. State,* 555 P.2d 69, 70 (Okla.Crim.App.1976) (required "unless the evidence is so conclusive as to disallow the reasonable jury from finding the existence of that lesser crime"); *State v. Thayer,* 32 Or.App. 193, 573 P.2d 758, 759 (1978) ("there must be evidence, or an inference which can be drawn from the evidence, which supports the requested instruction so that the jury could rationally and consistently find the defendant guilty of the lesser offense and innocent of the greater"); *Commonwealth v. Terrell,* 482 Pa. 303, 393 A.2d 1117, 1119 (1978) (when "there is evidence that would rationally sustain" a verdict of guilty of the lesser offense); *State v. Funchess,* 267 S.C. 427, 229 S.E.2d 331, 332 (1976) ("The presence of evidence to sustain the crime of a lesser degree determines whether it should be submitted to the jury."); *State v. Grimes,* 90 S.D. 43, 237 N.W.2d 900, 904 (1976) ("it is incumbent upon the trial court to instruct the jury, if requested, upon a lesser offense included in the offense charged if the evidence warrants a conviction upon the included offense"); *Howard v. State,* 578 S.W.2d 83, 85 (Tenn.1979) (when "there is evidence to support a conviction for ... a lesser offense"); *Day v. State,* 532 S.W.2d 302, 307 (Tex.Crim.App.1975) (specifically rejecting the interpretation of "guilty only" rule advanced by the majority in the instant case); *State v. Gillian,* 23 Utah 2d 372, 463 P.2d 811, 812 (1970) (when "any reasonable view of the evidence would support a verdict" on the lesser offense); *Painter v. Commonwealth,* 210 Va. 360, 171 S.E.2d 166, 171 (1969) ("There is some evidence in the record ... which, if believed by a jury, would warrant it in finding the accused guilty" of the lesser offense.); *State v. Workman,* 90 Wash.2d 443, 584 P.2d 382, 385 (1978) ("the evidence in the case must support an inference that the lesser crime was committed"); *State v. Wayne,* 162 W.Va. 41, 245 S.E.2d 838, 842 (1978) (following Virginia rule cited *supra*); *Leach v. State,* 83 Wis.2d 199, 265

N.W.2d 495, 503 (1978) (when there are "(1) reasonable grounds for acquittal on instructed offenses greater than that requested; and (2) reasonable grounds for conviction on the lesser offense requested"); *Jones v. State*, 580 P.2d 1150, 1152 (Wyo.1978) ("In order to justify an assault instruction, as an included offense of [murder], there must be some doubt as to whether the act of the accused was the cause of death."). The Court also noted "[t]he Alabama rule in cases other than capital cases is that the defendant is entitled to lesser included offense instruction if 'there is any reasonable theory from the evidence which would support the position.' *Fulghum v. State*, 291 Ala. 71, 75, 277 So.2d 886, 890 (1973)." *Beck*, 447 U.S. at 630 n. 5, 100 S.Ct. at 2386 n. 5. The Court did not cite cases for Louisiana, Rhode Island, and Vermont. Louisiana employs a unique system of statutory "responsive verdicts" and the trial court has no discretion to refuse a requested instruction. *State ex rel. Elaire v. Blackburn*, 424 So. 2d 246, 248 (La.1982); *State v. Dufore*, 424 So.2d 256, 258 (La.1982); *see also Roberts v. Louisiana*, 428 U.S. 325, 334–35, 96 S.Ct. 3001, 3006–07, 49 L.Ed.2d 974 (1976). Rhode Island courts have held "a trial justice should instruct the jury on a lesser-included offense upon which a finding is warranted by the evidence." *State v. Lemon*, 497 A.2d 713, 718 (R.I.1985) (citing *Beck*). Vermont courts have held a defendant is "entitled" to instructions on lesser-included offenses. *State v. Hanson*, 141 Vt. 228, 446 A.2d 372, 374 (1982).

The Court has also noted that denying a defendant instructions on lesser-included offenses would "raise difficult constitutional questions." *Keeble*, 412 U.S. at 213, 93 S.Ct. at 1998. Refusing instructions on lesser-included offenses raised by the evidence may prevent the jury from considering all factual issues and "diminish the reliability of the guilt determination." *Beck*, 447 U.S. at 638, 100 S.Ct. at 2390. A defendant's right to a jury under the Sixth and Fourteenth Amendments is a fundamental right expressly conferred by the constitution. *City of Mobile v. Bolden*, 446 U.S. 55, 77 n. 24, 100 S.Ct. 1490, 1505 n. 24, 64 L.Ed.2d 47 (1980). "The purpose of a jury is to guard against the exercise of arbitrary power—to make available the commonsense judgment of the community as a hedge against the overzealous or mistaken prosecutor and in preference to the professional or perhaps overconditioned or biased response of a judge." *Taylor v. Louisiana*, 419 U.S. 522, 530, 95 S.Ct. 692, 698, 42 L.Ed.2d 690 (1975); *see also Apodaca v. Oregon*, 406 U.S. 404, 410, 92 S.Ct. 1628, 1632, 32 L.Ed.2d 184 (1972); *Baldwin v. New York*, 399 U.S. 66, 72, 90 S.Ct. 1886, 1890, 26 L.Ed.2d 437 (1970). When denial of a lesser-included-offense instruction forces the jury into an all-or-nothing decision, it impinges on the common-sense ability of the jury to decide which crime may have been committed and thus denies the defendant's fundamental right to an unbiased jury.

The trial court's decision whether to grant a defendant's requested instruction on a lesser-included offense necessarily involves two legal issues: (1) is the offense for which the instruction is sought actually a lesser-included offense, and (2) is the evidence sufficient to raise the issue of the lesser-included offense? Note, *Criminal Procedure—A Trial Court May Refuse to Instruct the Jury on a Lesser Included Offense When Defendant Offers Exculpatory Testimony—*United States v. Chapman, *615 F.2d 1294 (10th Cir.1980)*, 56 NOTRE DAME LAW, 553, 555 (1981); *see also Royster v. State*, 622 S.W.2d 442, 446 (Tex.Crim.App. [Panel Op.] 1981) (two-prong test). There is a split of authority on the first issue concerning how to define a lesser-included offense. *See e.g.* Comment, 84 DICK.L.REV. at 127–31. However, the first issue is not an issue in the instant case because the majority agrees involuntary manslaughter and criminally negligent homicide are lesser-included offenses of murder under Texas law. The majority holds, under Texas' "guilty only" rule, the evidence was not sufficient to warrant instruction on the lesser-included offenses.

A jury should be instructed on a lesser-included offense when there is a "genuine conflict of evidence as to an element of the offense charged, which element is not shared by the lesser included offense." *Government of the Virgin Islands v. Carmona,* 422 F.2d 95, 100 (3rd Cir.1970); *see also* Ettinger, *supra* at 210. "The genuine conflict of evidence which must exist as to the element separating the greater and lesser offenses is defined by the Model Penal Code to be evidence which produces a rational basis for a verdict acquitting the defendant of the offense charged and convicting him of the lesser offense." Barnett, *The Lesser–Included Offense Doctrine: A Present Day Analysis for Practitioners,* 5 CONN.L.REV. 255, 271 (1972) (citing Model Penal Code sec. 1.07(5) (Proposed Official Draft 1962)); *see also Saulnier,* 306 A.2d at 70. The U.S. Supreme Court adopted this standard in holding "it is now beyond dispute that the defendant is entitled to an instruction on a lesser included offense if the evidence would permit a jury rationally to find him guilty of the lesser offense and acquit him of the greater." *Keeble,* 412 U.S. at 208, 93 S.Ct. at 1995. For the sake of convenience, I will refer to this rule as the "rational jury" rule. Other courts have announced other formulations of the rule such as an "introduces some evidence" test, a "rational basis" test, and a "relevant and appreciable" test. *Simpson,* 15 Ill.Dec. at 465, 373 N.E.2d at 811. Other formulations of the rule do not violate a defendant's due process rights if they are compatible with the "rational jury" test adopted by the Supreme Court. *Piper,* 261 N.W.2d at 653; *see also Simpson,* 15 Ill.Dec. at 467–68, 373 N.E.2d at 813–14.

In spite of the different language used to state the rule in various courts, there is an underlying uniformity to the rules. *Compare Simpson,* 15 Ill.Dec. at 465, 373 N.E.2d at 811. Virtually every jurisdiction agrees a defendant is entitled to an instruction on the lesser-included offense if there is a reasonable view of the evidence which would warrant the instruction. *Compare*

*Commonwealth v. Thomas,* 482 Pa. 312, 393 A.2d 1122, 1128 (1978) (rational basis in the evidence); Comment, 84 DICK.L.REV. at 132–33, 23A C.J.S. *Criminal Law* sec. 1288 (1961). Some states have codified this approach. N.Y.CRIM.PROC.LAW sec. 300.50 (McKinney 1982) ("if there is a reasonable view of the evidence which would support a finding that the defendant committed the lesser offense but did not commit the greater").

Likewise, a defendant is not entitled to have the jury instructed on lesser-included offenses if there is no dispute on an element of the greater offense which is not necessary for conviction of the lesser offense. *United States v. Comer,* 421 F.2d 1149, 1154 (D.C.Cir.1970); *but see Roberts,* 428 U.S. at 334–35, 96 S.Ct. at 3006–07 (by statute, Louisiana does not require a rational basis in the evidence for lesser-included instructions). Without such a dispute, there is no rational basis for an instruction on the lesser-included offense. *United States v. Sinclair,* 444 F.2d 888, 889–90 (D.C.Cir.1971) (the lesser-included offense was neither "fairly inferable" from testimony nor pointed out by defense trial counsel). Therefore, a defendant is not entitled to an instruction on a lesser-included offense if the defendant is either guilty of the greater crime or not guilty of any crime. *United States v. Collins,* 690 F.2d 431, 437 (5th Cir.1982) *cert. denied,* 460 U.S. 1046, 103 S.Ct. 1447, 75 L.Ed.2d 801 (1983); Barnett, *supra* at 271; Ettinger, *supra* at 209. For example, an attempt may be a lesser-included offense of a completed crime, but the jury should not be instructed on attempt if there is no evidence which could be interpreted to show the charged crime was not completed. *State v. Andrada,* 82 N.M. 543, 484 P.2d 763, 765 (App.1971); Barnett, *supra* at 277. The evidence should be considered in the light most favorable to the defendant, and "every possible hypothesis" except guilt of the greater crime must be excluded. *Henderson,* 391 N.Y.S.2d at 566, 359 N.E. 2d at 1360. "However, a judge is not required to instruct on a hypothesis that is

not supported by the evidence." *Santo*, 376 N.E.2d at 871. The trial court must be able to say, as a matter of law, there is nothing in the evidence to indicate the defendant may be guilty of the lesser-included offense. *Stevenson v. United States*, 162 U.S. 313, 321, 16 S.Ct. 839, 842, 40 L.Ed. 980 (1896).

Authorities unanimously agree evidence to establish the lesser included offense may come from any source within "the record." *Simpson*, 15 Ill.Dec. at 465, 373 N.E.2d at 811.

> [R]equiring a defendant to demonstrate a rational basis in the evidence does not violate his right to remain silent since defendant can develop the requisite evidence through cross-examination, production of witnesses, and challenges to the prosecutor's interpretation of the evidence.

Comment, 84 DICK.L.REV. at 133 (citations omitted). Unless the evidence is conclusive, the jury should have the opportunity to decide whether to accept the defendant's or State's interpretation of the evidence. *Gilbreath*, 555 P.2d at 70.

Tenner was denied his requested instructions on lesser-included offenses due to Texas' "guilty only" rule, but would he have been denied the instructions under any other formulation of the rule? The majority correctly explains Tenner would not be entitled to an instruction on criminally negligent homicide or involuntary manslaughter based upon Erica falling over the coffee table and hitting her head on the couch. If Erica's death was caused by the accidental fall, the jury should have found Tenner not guilty. Tenner's criminal responsibility must be based upon Tenner hitting Erica's head against the carpeted floor. Therefore, Tenner was entitled to instructions on criminally negligent homicide and involuntary manslaughter if a rational jury could have acquitted him of murder while finding him guilty of one of the lesser crimes based upon Tenner's hitting Erica's head against the carpeted floor. Tenner's intent is the critical issue.

In order to convict Tenner of murder, the jury must find Tenner intended to kill Erica or cause serious bodily injury. TEX.PENAL CODE ANN. sec. 19.02 (Vernon 1974). It is not sufficient that Tenner intended to engage in the *conduct* which caused Erica's death, i.e. hitting her head against the carpeted floor. The jury must decide if Tenner intended the *result* of his conduct, i.e. death or serious bodily injury. *Kelly v. State*, 748 S.W.2d 236, 239 (Tex. Crim.App.1988). Tenner could be found guilty of involuntary manslaughter if his state of mind was reckless. TEX.PENAL CODE ANN. sec. 19.05 (Vernon Supp. 1989). He could be convicted of criminally negligent homicide if his state of mind was negligent. TEX.PENAL CODE ANN. sec. 19.07 (Vernon 1974).

The majority's distinction between direct and indirect harm is without precedent, but some acts of violence may be so egregious a jury could not reasonably find such acts to be merely reckless or negligent. *See e.g. People v. Hartley*, 103 A.D.2d 935, 479 N.Y.S.2d 777, 779 (1984) (using an ax to inflict numerous blows to the victim's head could not reasonably be interpreted as negligence). However, many courts have recognized a person can strike another person in the head without intending serious bodily injury. *People v. Quintanar*, 659 P.2d 710, 714 (Colo.Ct.App.1982) (defendant found not guilty of manslaughter and guilty of criminally negligent homicide after striking victim's head with his fist); *Bess v. State*, 146 Fla. 562, 1 So.2d 580, 581 (1941) (defendant did not have intent to kill; defendant acted carelessly, recklessly, with culpable negligence and reckless disregard of victim's safety when defendant struck victim in the head); *State v. Smith*, 382 A.2d 40, 42 (Me.1978) (jury could rationally conclude defendant was reckless, could not rationally conclude defendant was merely negligent, in throwing an infant against a wall with sufficient force to fracture his his skull); *People v. Jackson*, 140 Mich.App. 283, 364 N.W.2d 310, 311 (1985) (State did not need to prove defendant was aware of risk of injury in order to convict defendant

of involuntary manslaughter when he struck child on the head with a hard object and shook the child so hard the child's brain was injured); *People v. Erby,* 97 A.D. 2d 380, 467 N.Y.S.2d 588, 589 (1983) (conviction of negligent homicide overturned; defendant punched victim in the face).

In order to justify the trial court's refusal to instruct the jury on lesser-included offenses, the trial court depended on the "guilty only" rule. It is difficult to discuss the meaning of this rule because, standing alone, it is practically meaningless.

> As a rule of law, one must marvel at its ambiguity. That it is susceptible to nearly whatever meaning one applying it may give to it is seen from the variety of constructions advanced at one time or another in the opinions rendered by [the Court of Criminal Appeals].

*Watson v. State,* 605 S.W.2d 877, 888 (Tex. Crim.App. [Panel Op.] 1980) (Clinton, J., dissenting). Apparently, the "guilty only" rule is not the same as the "raised by the evidence" rule. *Id.* The Court of Criminal Appeals has held a defendant is entitled to an instruction on lesser-included offenses:

> [W]hen the evidence from any source raises an issue of a lesser included offense, *and* there is testimony that, if guilty at all, the defendant is only guilty of the lesser included offense.

*Hunter v. State,* 647 S.W.2d 657, 658 (Tex. Crim.App.1983) (emphasis added). Therefore, the "guilty only" test must differ from a "raised by the evidence" test because a defendant must satisfy both requirements. On the other hand, the Court of Criminal Appeals has stated "if the evidence raises the issue that, if guilty, the defendant is only guilty of the lesser offense, the instruction should be given." *Tompkins v. State,* No. 68,870 slip op. at 111, 135, (Tex.Crim.App. July 10, 1987) (not yet reported) *cert. granted,* — U.S. —, 108 S.Ct. 1727, 100 L.Ed. 192, *cert. limited to* "Batson" *and "guilty only" issues,* — U.S. —, 108 S.Ct. 2818, 100 L.Ed.2d 919 (1988). This seems to imply the "guilty

only" rule is merely another way of defining the "raised by the evidence" rule.

Whatever the language of the rule is interpreted to mean, the rule is unique to Texas. One South Carolina case states "it is not error to refuse to submit a lesser included offense unless there is testimony tending to show that the defendant is *only* guilty of the lesser offense." *Funchess,* 229 S.E.2d at 332. However, South Carolina has not interpreted this isolated case to be in any way analogous to Texas' "guilty only" rule. *See State v. Drafts,* 288 S.C. 30, 340 S.E.2d 784, 785 (1986).

Judge Clinton discussed the origin of the "guilty only" rule in his dissent to *Watson,* and noted that "like Topsey, it just grew." *Watson,* 605 S.W.2d at 888. Before the creation of the "guilty only" rule, Texas courts followed a variation of the "rational jury" rule similar to the rule later adopted by the Model Penal Code as a codification of the common law. *Compare Saulnier,* 306 A.2d at 70.

> Any theory legitimately arising out of the evidence in a case imposes upon the court the duty of submission by appropriately instructing upon the law governing it; and this, without regard to the strength or weakness of the supporting facts. Uniform with the previous rulings of this court is the doctrine here declared, viz.: The charge of the court must make a pertinent application of the law covering every theory arising out of the evidence; that the duty is not dependent upon the court's judgment of the strength or weakness of the testimony supporting the theory, it being the prerogative of the jury to pass upon the probative force of the testimony.

*Liskosski v. State,* 23 Tex.Ct.App. 165, 3 S.W. 696, 698 (1887). The "guilty only" rule first appeared in 1952. *Daywood v. State,* 157 Tex.Crim. 266, 248 S.W.2d 479, 481 (1952). The Court of Criminal Appeals reiterated the rule in *McBrayer v. State,* 504 S.W.2d 445, 447 (Tex.Crim.App.1974). The court cited as support for their holding, 4 Branch's Ann.Penal Code sec. 1889,

p. 219 (1956) which states "[i]f the case is either assault with intent to rape or that defendant is not guilty of any offense, it is not error to fail or refuse to charge on the issue of aggravated assault." This merely expresses well-accepted law that a defendant is not entitled to an instruction on a lesser-included offense if the defendant is either guilty of the greater crime or not guilty of any crime. *Collins,* 690 F.2d at 437; Barnett, *supra.* at 271; Ettinger, *supra* at 209.

The court considered the "guilty only" rule again in *Day v. State,* 532 S.W.2d 302 (Tex.Crim.App.1976). In *Day,* the dissent argued the defendant was not entitled to an instruction on a lesser-included offense because the defendant's own testimony indicated he was guilty of the greater offense. *Id.* at 309 (Douglas, J., dissenting). The majority responded:

> The dissent reads [the "guilty only" rule] as holding that it is not error to fail to charge on a lesser included offense unless the evidence shows that the only offense of which the accused could be guilty is the lesser included offense. This is not the law, should not be the law, and has never been the law. Surely it cannot be contended that if there is evidence raising the issue of a lesser included offense an accused would not be entitled to a charge on the same merely because there is also other evidence which supports proof of the greater offense charged or some other offense.

*Id.* at 307. It is not at all clear the dissent meant any such thing because the dissent also noted "no reasonable jury" would have acquitted the defendant of the greater offense. *Id.* at 310. Beginning with *Day,* the "guilty only" rule was a source of disagreement on the Court of Criminal Appeals. Nonetheless, *"Day v. State,* stands for the proposition that *any* evidence which puts into issue the element that is present in the greater offense but absent from the lesser will necessitate an instruction on the lesser offense, no matter how weak that evidence may be." Comment, 30 BAYLOR L.REV. at 359. Such was the state of the law in Texas when the U.S. Supreme Court cited *Day* to support the proposition that a defendant has the right to an instruction on a lesser-included offense which is supported by the evidence. *Beck,* 447 U.S. at 636 n. 12, 100 S.Ct. at 2389 n. 12.

In *McCardell v. State,* 557 S.W.2d 289, 290–91 (Tex.Crim.App.1977) a majority of the Court of Criminal Appeals adopted the interpretation of the "guilty only" rule advanced by the dissent in *Day.* Comment, 30 BAYLOR L.REV. at 364. However, just as the meaning of the dissent in *Day* was unclear, the inherent ambiguity of the "guilty only" rule makes it difficult to determine the precise holding of the court. It is possible the majority in *McCardell* did not believe there was any dispute on an element of the greater offense which was not required for the lesser offense. *McCardell,* 557 S.W.2d at 291 ("There is no testimony in the present case that would make appellant guilty of only the crime of trespass."). Then in 1980, the court decided *Watson v. State,* 605 S.W.2d 877 (Tex. Crim.App. [Panel Op.] 1980). In *Watson,* the dissent observed there was a genuine dispute about an element of the greater offense (aggravated robbery) which was not required for a finding of guilt on the lesser offense (aggravated assault) because it was disputed whether the State proved theft of the property in question (a car). *Id.* at 894 (Clinton, J., dissenting). Therefore, in *Watson* the defendant was denied an instruction on a lesser-included offense even though a jury could rationally acquit him of the greater offense and find him guilty of the lesser offense.

In 1984, it appeared the Court of Criminal Appeals abandoned the "guilty only" rule in deciding *Lugo v. State,* 667 S.W.2d 144 (Tex.Crim.App.1984). However, the rule surfaced again in *Aguilar v. State,* 682 S.W.2d 556, 558 (Tex.Crim.App.1985). In 1987, the Court of Criminal Appeals decided *Tompkins v. State,* No. 68,870 slip op. at 111 (Tex.Crim.App. July 10, 1987). As noted earlier, the U.S. Supreme Court has

granted certiorari to the defendant in *Tompkins* to consider the "guilty only" issue. In *Tompkins*, the defendant bound his victim and placed a gag in her mouth; the victim suffocated. *Tompkins*, slip op. No. 68,870 at 137. The trial court refused the defendant's requested instructions on criminally negligent homicide and involuntary manslaughter, and he was found guilty of murder. *Id.* at 135. There is an obvious interpretation of the evidence upon which the jury could have rationally acquitted Tomkins of murder and found him guilty of a lesser offense: Tomkins may not have intended to kill his victim because he may have believed she could breathe through her nose. In fact, in a confession which was not admitted at trial, Tomkins testified he did not intend to kill his victim and was panic-stricken when he found she had died. *Id.* at 137. The court noted "had appellant's written confession been admitted into evidence, the issues that appellant presents might call for a conclusion different from the one we reach." *Id.* at 137 n. 7. The court notes "appellant did not testify at the guilt stage of the trial, nor did he offer any evidence or testimony which might reasonably have raised the inference that if guilty, he was guilty only of criminally negligent homicide or involuntary manslaughter." *Id.* at 136. In light of the fact that guilt of the lesser-included offenses could be easily inferred from the evidence introduced by the State, the court must be interpreting the "guilty only" rule to require the defendant to introduce some sort of separate evidence which relates exclusively to the lesser offenses.

This requirement of separate evidence is unique to Texas. Outside Texas, there is a remarkable unanimity of opinion. No justice of the U.S. Supreme Court has ever dissented to the Court's adoption of the "rational jury" rule. I have not found any state opinion, majority or dissent, which adopts a position contrary to the principle that any reasonable view of the evidence justifies the instruction. North Dakota has a test for instructing on lesser-included offenses which is called the "independent evidence" test, but that test has never been considered to require the defendant to introduce any evidence. *Piper*, 261 N.W.2d at 653. There is nothing inherently wrong in being unique, but Texas may not look to other jurisdictions to find a reason or rationale for the "guilty only" rule. Further, no Texas case has ever tried to explain any rationale for requiring the defendant to introduce separate evidence. Instead, the Court of Criminal Appeals has simply adopted the language of the rule without explaining any underlying rationale that could help give meaning to its ambiguous wording. *See Royster*, 622 S.W.2d at 445 (Clinton, J., dissenting) ("conventional cant by rote"); *Watson*, 605 S.W.2d at 888. Likewise, the majority in this case does not try to explain any reason for the rule, but merely cites other cases which recite the rule as a mere *ipse dixit*, but are equally devoid of legal analysis. This dearth of logic has a simple explanation. The only reason for the rule is based upon a mistrust of juries. As discussed above, a jury could, in spite of instructions to the contrary, agree on a lesser-included offense as a compromise verdict or an act of mercy. This possibility does not justify forcing the jury into an all-or-nothing decision on guilt or innocence of the greater offense. No Texas court has ever attempted to discuss the serious constitutional questions created by the "guilty only" rule. In *Tompkins* the Court of Criminal Appeals held that *Beck* was distinguishable because the defendant in *Beck* testified at trial. *Tompkins*, slip op. No. 68,870 at 140. However, the Court of Criminal Appeals did not explain why a defendant must agree to take the stand in order to avoid the risk of unwarranted conviction condemned in *Beck*. *Beck*, 447 U.S. at 637, 100 S.Ct. at 2389.

Further, the "guilty only" rule is inconsistent with other well-established Texas law. In *Tompkins*, the court noted a defendant is entitled to an instruction if evidence from *any* source raises the issue of a lesser-included offense. *Tompkins*, slip op. No. 68,870 at 135 (citing *Bell v. State*, 693 S.W.2d 434, 442 (Tex.Crim.App.1985)). However, the defendant was denied his re-

quested instructions even though the lesser-included offenses could be inferred from the State's evidence. *Id.* at 161 n. 1 (Clinton J., dissenting). Also, a defendant is entitled to a charge on a defensive issue regardless of whether the evidence supporting the defensive theory is contradicted. *Lugo v. State,* 667 S.W.2d at 146 (*citing Liskosski,* 3 S.W. at 698). In *Lugo,* the Court of Criminal Appeals recognized a request for instructions on lesser-included offenses may represent a defensive theory. *Id.* It is anomalous to restrict the availability of instructions on lesser-included offenses under the "guilty only" rule while no such restriction is placed on other defensive issues. Ettinger, *supra* at 216.

The "guilty only" rule is not a workable statement of the law. *Compare Watson,* 605 S.W.2d at 894 (Clinton, J., dissenting) (it is "elusive to the grasp and errant in application"). The "guilty only" rule has been used to deny instructions on lesser-included offenses fairly inferable from the evidence. At best, this is a trial tactic by the State which is based on a distrust of juries. At worst, it is an unconstitutional and unethical attempt to maneuver the jury into a finding of guilt on the greater offense when, in fact, the defendant is guilty merely of the lesser offense. American Bar Association Standards Relating to the Administration of Criminal Justice 3–1.1(c).

Distinctly separate constitutional theories should be raised in a separate point of error. *See McCambridge v. State,* 712 S.W.2d 499, 501 n. 9 (Tex.Crim.App.1986). Tenner did not claim the trial court's failure to instruct the jury on lesser-included offenses violated his rights under the U.S. Constitution. This court is bound by the decisions of the Texas Court of Criminal Appeals. However, I would adopt the "rational jury" test used by the Model Penal Code and the U.S. Supreme Court. There was a genuine dispute concerning Tenner's intent. Tenner was entitled to instructions on lesser-included offenses because the evidence would permit a jury to rationally find him guilty of criminally negligent homicide

or involuntary manslaughter and acquit him of murder.

This case strikes me as a near-textbook case of a situation in which a jury is able to place themselves in the same situation as the defendant. They would not do such a thing, they would not kill their own child, therefore the defendant is not to escape punishment. On the other hand, common knowledge tells them disobedient children are frustrating to parents. Legitimate punishment comes in many forms. It may get out of hand with catastrophic results. To deprive the jury of the opportunity to say the defendant was guilty of either negligent homicide or involuntary manslaughter is to do a double injustice, one to the jury and the other to the defendant. The landmark case of *Stevenson v. United States,* 162 U.S. 313, 16 S.Ct. 839, 40 L.Ed. 980 (1896) is on point. In *Stevenson* the Court explained "as no one can look into the heart or mind of another, the only way to decide upon its condition at the time of a killing is to infer it from the surrounding facts, and that inference is one of fact, for a jury." *Stevenson,* 162 U.S. at 320, 16 S.Ct. at 841; *see also Stanfield,* 355 N.Y.S. 2d at 5 ("It is the perception of possible risk to others which governs."). In effect, the trial court ruled, as a matter of law, Tenner could not have acted as he did without an intent to kill or inflict serious bodily injury. *Compare Stevenson,* 162 U.S. at 321–22, 16 S.Ct. at 842. This ruling flies in the face of reason. The jury was deprived of the opportunity to use their common sense and forced to make an all-or-nothing decision between murder and innocence. Even if the "guilty only" rule is applied, instructions on lesser-included offenses should be given.

No witness contends the whipping caused the death or serious bodily injury resulting in death. If the court looks at the totality of the evidence, then Tenner's conduct can be evaluated as a matter of law that he only intended to discipline the child. Tenner whipped Erica before he hit her head against the floor; he whipped her

after he hit her head against the floor. That is bound to be some evidence he is only guilty of a lesser intent than an intent to kill or do serious bodily injury.

I would reverse and remand.

I respectfully dissent.