OPINION OF THE COURT
Harold J. Rothwax, J.
The question presented is to what extent must the ultimate cause of death be foreseeable before a person may be charged with criminally negligent homicide (Penal Law, § 125.10), and what quality of evidence of foreseeability is legally sufficient to sustain a charge of criminal negligence. (CPL 210.20, subd 1, par [b]; 70.10, subd 1.) The facts presented before the Grand Jury are that the defendant (approximately 30 years of age, 5 feet, 10 inches tall and heavyset) struck the deceased (54 years old, 5 feet, 6 inches tall and weighing a slight 80 pounds) once with the back of his hand, thereby fracturing the deceased’s jaw and causing him to fall. The deceased, who had been drinking, possibly to excess, apparently struck his head on an angular object when he fell; suffered contusions and hemorrhage of the brain; was hospitalized; developed pneumonia and died six days later. In the medical examiner’s opinion, the immediate cause of death was not the slap, but was the *186 brain hemorrhage, probably caused by a fall onto an angular object.
Criminally negligent homicide is the lower end of á continuum of degrees of culpability based upon the creation or perception of a risk of death. Most culpable is murder by depraved indifference to human life (Penal Law, § 125.25, subd 2); then manslaughter by intentional crea: tian of the risk of death (Penal Law, § 125.20, subd 1; § 10.00, subd 10; see LaFave and Scott, Criminal Law [1972 ed], § 34, p 243); then manslaughter by knowing disregard of the risk of death (Penal Law, § 125.15, subd 1; § 15.05, subd 3); and finally homicide by failure to perceive the risk of death, which is criminal negligence (Penal Law, § 125.10) (see People v Haney, 30 NY2d 328, 332-335). Criminal, as opposed to civil, negligence requires proof that the risk was “substantial and unjustifiable * * * [and] of such nature and degree that the failure to perceive it constitutes a gross deviation from the standard of care that a reasonable person would observe in the situation” (Penal Law, § 15.05, subd 4; People v Kibbe, 35 NY2d 407, 412; see LaFave and Scott, Criminal Law [1972 ed], § 30, p 211).
The critical element in the analysis of criminal negligence is the state of mind of the accused. (People v Stan-field, 36 NY2d 467, 470.) The result is not determinative, since death may be caused by ordinary negligence. (People v Montanez, 41 NY2d 53, 56.) What places criminal negligence within the spectrum of penal sanctions is the extent to which the defendant’s failure to perceive the risk is due to an unusual insensitivity to the potential consequences of his conduct. (People v Haney, supra, p 334.) Significant indicators of the degree of negligence are the defendant’s role in creating the risk; the proximity of the ultimate harm in relation to the defendant’s acts; and the extent to which the immediate cause of harm was predictable and apparent. (See LaFave and Scott, Criminal Law [1972 ed], § 30, p 217; People v Kibbe, supra, p 412; People v Haney, supra, p 335; People v Warner-Lambert Co., 51 NY2d 295, 302.)
*187 In the instant case, the defendant clearly contributed to the risk by intentionally striking the deceased. His intention, as found by the Grand Jury, was not to create a risk of death (cf. Penal Law, § 125.20, subd 1), but was more on the order of misdemeanor assault (Penal Law, § 120.00). The court finds that under the revised Penal Law, derived from the Model Penal Code (see People v Haney, 30 NY2d 328, 332-335, supra), the defendant’s intent to cause some injury is not a sufficient predicate of culpability for criminally negligent homicide, in the absence of evidence that the circumstances would have made it obvious to a person of ordinary sensibilities that the blow or injury would create a substantial risk of death. (See Model Penal Code, Tent Draft No. 9, § 201.3; LaFave and Scott, Criminal Law [1972 ed], § 34, p 246.) Proof of facts which tend merely to show, through the occurrence of the result and the concurrence of defendant’s conduct, that the risk existed and ultimately resulted from the defendant’s conduct is not sufficient. (People v Warner-Lambert Co., 51 NY2d 295, 304, supra.)
In the instant Grand Jury presentation, there was no descriptive testimony as to the condition of the deceased, as to his general state of health and/or intoxication at the time of the incident. There was no evidence as to the character of the place, as to the existence and visibility of dangerous objects or protrusions on the ground. Clearly one who strikes a blow at a frail person in the midst of broken glass or on the edge of a precipice is more culpable than one who strikes a healthy man in a grass field. The evidence before the Grand Jury also failed to establish the factual proximate cause of the fatal injuries. No witness testified that the deceased fell against an object. There was no evidence as to the deceased’s intervening activities between his fall and his trip home and subsequent removal to the hospital. It is only through such detail in evidence that the degree to which defendant’s insensibility to the risk contributed to the death of the deceased can be objectively calculated. (Cf. People v Beard, 74 AD2d 926.)
Accordingly, the indictment is dismissed. The People may present such additional evidence as they may possess *188 in support of an application to re-present the case to another Grand Jury. (CPL 210.20, subd 4.)