■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM ERBY, Appellant. — Judgment rendered September 30, 1980 in Supreme Court, Bronx County (Stanley Parness, J., at jury trial and sentence) convicting appellant of criminally negligent homicide, unanimously reversed, on the law, and the indictment is dismissed. The evidence at trial undisputedly established appellant's belligerence in approaching George Rush in the park and threatening him for some imagined insult rendered by a girlfriend of Rush. When Rush said he did not know what Erby was talking about and stood up, Erby punched him in the face. Rush fell to the ground "like a tree," hitting his head on the concrete. After sitting in a daze for some half hour, Rush staggered home. The following morning he was found dead in his apartment. At issue is whether such unprovoked violence is a sufficient predicate for holding appellant criminally liable for the death of George Rush. The medical examiner testified that death resulted from a "fracture of [the] skull, cerebral contusions, epidural, subdural and subarachnoid hemorrhage * * * consistent with someone hitting one's head on the sidewalk." In other words, causation was established. What was not established — and we believe could not be established from the particular facts here — was that appellant was criminally negligent in throwing a punch. "A person is guilty of criminally negligent homicide when, with criminal negligence, he causes the death of another person." (Penal Law, § 125.10.) "A person acts with criminal negligence with respect to a result or to a circumstance described by a statute defining an offense when he fails to perceive a substantial and unjustifiable risk that such result will occur or that such circumstance exists. The risk must be of such nature and degree that the failure to perceive it constitutes a gross deviation from the standard of care that a reasonable person would observe in the situation." (Penal Law, § 15.05, subd 4.) As the Court of Appeals has explained, "[c]riminally negligent homicide, in essence, involves the failure to perceive the risk in a situation where the offender has a legal duty of awareness." (*People v Haney*, 30 NY2d 328, 334.) That there was a risk is obvious from the fact that a death in fact occurred, but it was not "of such a nature and degree" that a reasonable person would be under a duty to perceive it. "What amounts to a violation of this section depends, of course, entirely on the circumstances of the particular conduct." (*People v Haney, supra,* at p 335.) And, "we cannot substitute a reasonable man test for the essential requirement of criminal intent." (*People v Mackell,* 47 AD2d 209, 218-219, affd 40 NY2d 59.) Thus, it has oft been repeated that "[a] distance separates the negligence which renders one criminally liable from that which establishes civil liability." (*People v Rosenheimer,* 209 NY 115, 123; cf. *People v Warner-Lambert Co.,* 51 NY2d 295, 306; *People v Montanez,* 41 NY2d 53, 56.) "[C]riminal liability cannot be predicated upon every careless act merely because its carelessness results in another's death" (*People v Haney, supra,* p 335). This is not to say that appellant's conduct may not be justifiably punished, and, indeed, the value we place upon individual liberty requires our proscription of physical violence of far less consequence. (See, e.g., Penal Law, § 120.00 [assault in the third degree].) We only hold that the facts in this case, viewed in the light most favorable to the People's evidence, do not satisfy all of the elements of criminally negligent homicide (see *People v Fitzgerald,* 45 NY2d 574, 579) and accordingly, we reverse the conviction and dismiss the indictment. (*People v Beckles,* 113 Misc 2d 185; *People v Suarez,* NYLJ, April 26, 1983, p 12, col 3;

compare *People v Futterman,* 86 AD2d 70.) Concur — Sullivan, J. P., Ross, Carro, Asch, and Kassal, JJ.