■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ARTHUR JOHN GRAHAM, Appellant.—Levine, J. Appeal from a

judgment of the County Court of Tompkins County (Friedlander, J.), rendered November 2, 1984, convicting defendant following a nonjury trial of the crime of criminally negligent homicide.

Undisputed testimony adduced at defendant's nonjury trial established that defendant forcibly propelled an intoxicated patron out the front door of a bar and that the patron's first contact with the ground occurred when he hit his shoulders and head on the concrete pavement at the foot of the steps located in front of the door. The victim was taken unconscious to the hospital. His condition improved slightly the following day but then gradually deteriorated after he experienced brain stem seizures, and he subsequently died. Defendant was charged and found guilty of criminally negligent homicide and sentenced to five years' probation.

Of the various points raised by defendant on appeal, only two merit extended discussion, to wit, his claims that the evidence at trial failed to establish beyond a reasonable doubt the culpability element of criminally negligent homicide and that it was also insufficient to prove that his conduct proximately caused the victim's death.

Regarding defendant's culpability, the evidence established that defendant was an employee of the bar where the incident occurred and was fully familiar with the layout of the building. He knew that four steps dropping 2 feet 2 inches to a concrete pavement were located immediately outside the front door. Eyewitnesses stated that defendant grabbed the victim, who was helpless due to his high level of intoxication, whirled him around, and then, at a distance of approximately five feet from the first step, threw him backwards out of the bar. They further testified that defendant used sufficient force to propel the victim through the air until his head and shoulders struck the pavement at the bottom of the steps. The pathologist who performed the autopsy testified that upon hitting his head, the victim sustained a linear fracture of his skull, contusions of the frontal lobes, and subdural and subarachnoid hemorrhages, and opined that death was inevitable given the extent of the injuries. Other medical experts testified that there is always a risk of death associated with head injuries from a fall and impact such as occurred here.

Whether defendant's conduct rose to the level of culpability necessary to establish criminally negligent homicide (see, Penal Law § 125.10) presented a question of fact to be determined upon the basis of all of the circumstances (People v

*Haney,* 30 NY2d 328, 335). From the foregoing, the trier of fact could infer that defendant failed to perceive that his conduct in forcefully throwing the helplessly intoxicated victim out of the bar, in close proximity to a flight of steps, created a substantial and unjustifiable risk that the victim would hit his head on the pavement, sustain serious injuries and die as a result *(see,* Penal Law § 15.05 [4]). Given defendant's familiarity with the surroundings, his failure to perceive the risk constituted a gross deviation from the standard of care that a reasonable person would observe in the situation *(see,* Penal Law § 15.05 [4]). The case of *People v Erby* (97 AD2d 380), relied upon by defendant, is distinguishable. In *Erby,* the court held that the defendant could not be held criminally negligent for throwing a punch which caused the victim to fall to the ground and sustain head injuries which resulted in death. The circumstances here provided a sufficiently distinct factual basis upon which to predicate defendant's culpability.

We are similarly unpersuaded by defendant's claim regarding causation. Defendant relies upon the testimony of the attending neurophysician, who stated that the victim experienced cerebral swelling in the area of the brain stem after suffering seizures resulting from alcohol withdrawal, as establishing that the victim's death was due to the symptoms of alcohol withdrawal rather than the head injuries. However, the neurophysician also opined that the victim's prognosis was poor from the outset, and the pathologist stated that death was inevitable given the extent of the injuries. Additionally, a third medical expert testified that the victim did not experience any seizure activity. Where defendant has waived a jury trial, the court sits as the jury and is the exclusive trier of facts (CPL 320.20 [2]; *People v Pasko,* 115 AD2d 114, 115). Accordingly, it was within County Court's province to credit the medical testimony which attributed the victim's death to the head injuries he sustained when defendant threw him out of the bar and thus to determine that defendant's conduct was a direct cause of death *(see, People v Warner-Lambert Co.,* 51 NY2d 295, 306, *cert denied* 450 US 1031; *People v Stewart,* 40 NY2d 692, 697).

Judgment affirmed. Mahoney, P. J., Kane, Casey, Mikoll and Levine, JJ., concur.