■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GREGORY N. SCALLERO, Appellant.—Levine, J. Appeal from a judgment of the County Court of Washington County (Berke, J.), rendered June 3, 1985, upon a verdict convicting defendant of the offense of operating a motor vehicle while under the influence of alcohol.

Defendant was indicted for criminally negligent homicide (two counts), assault in the third degree and operating a motor vehicle while under the influence of alcohol (Vehicle and Traffic Law § 1192 [1]) (hereinafter referred to as driving while ability impaired) as a result of an early morning vehicular accident on Route 4 in the Town of Fort Ann, Washington County, on August 27, 1984. Defendant had been operating his van in the northbound lane of Route 4 when he collided with an automobile coming from the opposite direction in the southbound lane. The driver and backseat passenger of the other car were killed as a result and the front seat passenger suffered serious physical injuries. Defendant submitted to a blood test approximately one hour and 15 minutes after the accident and was determined to have had a blood alcohol level

of .06%. At trial, defendant testified that on the afternoon of August 26, 1984, he consumed 3 to 4 bottles of beer at his sister's house and at a party at his parents' house. Later that evening, he traveled to Lake George with a friend and two women, drank beer in the van on the way, and then ordered two beers and two large drinks of vodka and cranberry juice at two bars. He further stated that, at approximately 4:00 A.M. after dropping the women off, he pulled his van into a rest station and slept until shortly after 6:00 A.M., at which point he commenced driving to his parents' house. The collision occurred en route.

The arresting officer testified that, from his observations at the accident scene, defendant appeared to be intoxicated, to wit, his breath smelled of alcohol, his speech was slurred, he had trouble standing and he swayed. The prosecution's accident reconstruction expert opined that the accident occurred in the southbound lane of Route 4 and the surviving victim stated that defendant's van had swerved into that lane just before hitting the automobile she occupied. Another witness testified to seeing defendant's van being driven in an erratic manner several miles south of the accident. Defendant called numerous witnesses, three of whom testified that they had seen him at the accident scene and that he did not appear to be under the influence of alcohol. A woman who had been driving directly behind defendant's van stated that, at most, defendant's rear left tire was on the center yellow line of Route 4 prior to the impact, and defendant's accident reconstruction expert stated that the point of collision was on that line rather than in the southbound lane. The jury acquitted defendant of all criminal charges, but found him guilty of driving while ability impaired. He was sentenced to 15 days' imprisonment and fined $250.

On appeal, defendant contends that the evidence at trial consisted solely of circumstantial evidence and that the proof was legally insufficient, under the applicable standard, to establish guilt "to a moral certainty". He also complains that his sentence was harsh and excessive.

Defendant's contention that his conviction was based solely upon circumstantial evidence is without merit. The test result regarding defendant's blood alcohol concentration constituted direct evidence of his impaired ability to operate his van *(see, People v Butts,* 21 Misc 2d 799, 807), as did the testimony of the witnesses who observed defendant driving prior to the accident. Since the proof adduced at trial was not solely circumstantial, defendant's conviction on appeal is not subject

to the circumstantial evidence standard of review *(see, People v Kennedy,* 47 NY2d 196, 202).

The proof was amply sufficient to establish defendant's guilt beyond a reasonable doubt. On appeal from a guilty verdict, the evidence must be viewed in a light most favorable to the People and we must presume that the jury credited the People's witnesses *(People v Malizia,* 62 NY2d 755, 757, cert denied 469 US 932; *People v Kennedy, supra,* p 203). Proof of *any* impairment of defendant's ability to operate his vehicle at the time of the accident would constitute a violation of Vehicle and Traffic Law § 1192 (1) *(People v Cruz,* 48 NY2d 419, 426, *appeal dismissed* 446 US 901). The evidence submitted at trial to the effect that defendant's blood alcohol level was .06% shortly after the accident, while insufficient to establish a prima facie case, constituted relevant evidence of impairment (Vehicle and Traffic Law § 1195 [2] [b]). The additional evidence offered by the prosecution regarding defendant's apparent state of intoxication, his erratic driving and the occurrence of the collision in the southbound lane was sufficient to establish defendant's impairment beyond a reasonable doubt. Although defendant offered contradictory proof, it was within the province of the jury to accept or reject such evidence *(People v Kennedy, supra,* p 203).

Defendant's assertion that his sentence was harsh and excessive is equally unavailing. The sentence imposed was within the statutory limits *(see,* Vehicle and Traffic Law § 1192 [1]) and, in light of the fact that defendant, a correction officer, admitted not only to drinking and then driving, but also to drinking while driving, was entirely appropriate. Contrary to defendant's claim, it was not an abuse of discretion for the sentencing court to have commented that defendant was not free from fault regarding the accident. The court could properly take into account defendant's conduct in the 24 hours prior to the accident and note his negligence in contributing to the fatal accident, even though it fell short of the level of culpability requisite for a criminal conviction of homicide or vehicular assault. These factors were readily inferable from the evidence adduced at trial, and consideration of them was not inconsistent with the purpose of the Penal Law "[t]o provide for an appropriate public response to particular offenses, including consideration of the consequences of the offense for the victim, including the victim's family, and the community" (Penal Law § 1.05 [5]).

Judgment affirmed. Mahoney, P. J., Kane, Casey, Mikoll and Levine, JJ., concur.