■ The People of the State of New York, Respondent, v Reginald Johnson, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Pincus, J.), rendered February 21, 1986, convicting him of criminally negligent homicide, after a nonjury trial, and imposing sentence.

Ordered that the judgment is reversed, on the law, the indictment is dismissed, and the matter is remitted to the Supreme Court, Kings County, for entry of an order in its discretion pursuant to CPL 160.50.

The evidence at trial established that the defendant and one Arthur Jones were rough-housing on Union Street in Brooklyn when, at one point, the defendant held Jones around the neck for 15 to 20 seconds. The two eyewitnesses stated that they thought that Jones (who was 53 years old, 5 feet, 8 inches tall and 136 pounds) and the defendant (who was considerably taller and younger) were just playing so nobody sought to intervene. The defendant then released Jones who fell to the ground and appeared to be unconscious. The People who had been watching attempted to revive Jones, but to no avail. Someone from the neighborhood then put Jones in a car and took him to the hospital where he died nine days later. The associate medical examiner found the cause of death to be bronchopneumonia and pulmonary thromboembolism secondary to subdural hemorrhage and brain contusion. The hemor-

rhage, he stated, was caused by a blunt force or a blow to the head; it "could not be caused by the choke". The People's theory was that when the defendant released Jones from the choke hold, he hit his head and suffered the fatal injury.

"A person is guilty of criminally negligent homicide when, with criminal negligence, he causes the death of another person" (Penal Law § 125.10). "A person acts with criminal negligence with respect to a result or to a circumstance described by a statute defining an offense when he fails to perceive a substantial and unjustifiable risk that such result will occur or that such circumstance exists. The risk must be of such nature and degree that the failure to perceive it constitutes a gross deviation from the standard of care that a reasonable person would observe in the situation" (Penal Law § 15.05 [4]). Thus, criminally negligent homicide, in essence, involves the failure to perceive a substantial risk under circumstances where the offender has a legal duty of awareness (see, *People v Haney,* 30 NY2d 328). Criminally negligent homicide, however, cannot be predicated upon every careless act merely because that carelessness results in another's death *(People v Haney, supra).* Proof of facts which tend to merely show, through the occurrence of the result and the concurrence of the defendant's conduct, that the risk existed and ultimately resulted from the defendant's conduct, is not sufficient *(People v Warner-Lambert Co.,* 51 NY2d 295; *People v Beckles,* 113 Misc 2d 185).

On the facts of the instant case, the defendant's failure to perceive the risk of death to Arthur Jones was not such a gross deviation from the standard of care to be expected from a reasonable person as to warrant the imposition of criminal liability. That there was a risk is apparent from the fact that the death occurred; however, it was not so substantial, or of such a nature, that a reasonable person would be under a duty to perceive it.

The associate medical examiner testified that the hemorrhage was caused by a blunt force or a blow to the head. He stated, however, that if someone were dropped feet first on the ground and at some point hit their head on the ground, that "probably wouldn't create that much injury to the head". None of the witnesses testified that they saw the deceased fall and hit his head, and there was no testimony as to what occurred between his fall and his subsequent trip to the hospital. Furthermore, both of the eyewitnesses stated that they thought that the defendant and Jones were just playing,

and then the next thing they knew, Jones was lying unconscious on the ground.

While the defendant's conduct may have been careless and an error of judgment, viewing the evidence in the light most favorable to the People, these facts do not justify a finding of criminally negligent homicide *(see, People v Erby,* 97 AD2d 380; *People v Futterman,* 86 AD2d 70; *People v Beckles, supra).* Niehoff, J. P., Lawrence, Weinstein and Kunzeman, JJ., concur.