THIRD DEPARTMENT, OCTOBER, 1989

(October 12, 1989)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JERRY BABALA, Appellant.—Weiss, J. Appeal from a judgment of the County Court of Montgomery County (Catena, J.), rendered August 11, 1986, upon a verdict convicting defendant of the crime of operating a motor vehicle while under the influence of alcohol, as a felony.

In the course of investigating a reported motor vehicle accident in the Village of Fort Johnson, Montgomery County, Deputy Sheriff Gary Johnson observed a pickup truck with the rear of the vehicle stuck on a 3-to-4-foot hedge, and its front end extended approximately 3 to 4 feet out onto State Route 67. Johnson spoke to a neighbor and to the homeowners on whose lawn the empty vehicle was located in an effort to

locate the driver. Upon returning to the vehicle, Johnson encountered defendant approaching the accident scene with a companion. Johnson observed that defendant was swaying and unsteady on his feet. In response to Johnson's inquiries, defendant acknowledged he was the driver and explained that while attempting to back into a driveway to turn around, he "missed" and became stuck on the lawn. The missed driveway was a dead-end road located approximately 20 feet from the vehicle's location.

Johnson detected the odor of alcohol on defendant, observed that his eyes were bloodshot and watery, and noted that he had difficulty producing his driver's license, vehicle registration and insurance card. Believing that defendant was intoxicated, Johnson placed him under arrest. After initially refusing a blood alcohol test, defendant consented and after proper warnings were given, he thereafter agreed to speak to Johnson without an attorney present. He admitted drinking 2 or 3 beers and again explained how the accident occurred. Defendant was charged in an indictment with operating a motor vehicle while having .10% or more by weight of alcohol in his blood (Vehicle and Traffic Law § 1192 [2], [5]) and operating a motor vehicle while intoxicated (Vehicle and Traffic Law § 1192 [3], [5]). A jury acquitted defendant on the first count and found him guilty of the second count of operating a motor vehicle while intoxicated, as a felony. Defendant appeals.

Defendant first contends that the evidence at trial was legally insufficient to establish his guilt. On appeal from a verdict of guilty, the evidence must be viewed in a light most favorable to the People and it must be presumed that the jury credited the People's witnesses (People v Malizia, 62 NY2d 755, 757, cert denied 469 US 932; People v Scallero, 122 AD2d 350). Evidence was offered by the prosecution of defendant's apparent state of intoxication, primarily in the testimony of an experienced Deputy Sheriff trained in alcohol-related arrests who investigated the accident scene and who had ample opportunity to observe defendant's condition. Johnson's observations, coupled with defendant's admissions and questionable explanation of the accident sequence, provided ample evidentiary basis for the conviction (see, People v Cruz, 48 NY2d 419, appeal dismissed 446 US 901; People v Stack, 140 AD2d 389). The fact that two bystanders were uncertain as to defendant's state of intoxication merely created a credibility question for the jury to assess.

Contrary to defendant's assertions that witnesses, other than himself, negated any opinion of intoxication, the record

supports and does not contradict the People's contentions. While defendant testified in his own behalf, it was within the province of the jury to accept or reject such evidence *(see, People v Kennedy,* 47 NY2d 196, 203). The proof was amply sufficient to establish defendant's guilt beyond a reasonable doubt and satisfied the standards set forth in *People v Cruz* (48 NY2d 419, *supra).*

We reject defendant's remaining contentions. While acquitted of the charge of having .10% or more by weight of alcohol in his blood, the blood test results were properly held admissible.* Defendant's argument that the test results infected the jury's determination of the common-law intoxication charge is unpersuasive. The acquittal on the first count suggests that the test results carried little or no weight with the jury. Defendant's reliance upon *People v Gower* (42 NY2d 117) is misplaced. There, the Court of Appeals held that the blood test results were inadmissible and that it was not possible, on the records and briefs submitted, to determine whether the erroneous admission did not infect the conviction.

We similarly find that the accident report was properly introduced into evidence. It was prepared by the investigating Deputy Sheriff who recorded only his personal observations and information supplied by defendant *(see, Matter of Leon RR,* 48 NY2d 117, 123; *cf., Turner v Spaide,* 108 AD2d 1025, 1026, *lv denied* 66 NY2d 601). Nor do we agree that the questions asked and comments made in the prosecutor's summation require reversal. Defendant's objections were sustained and sufficient curative instructions given *(see, People v Jacquin,* 124 AD2d 594, 596, *affd* 71 NY2d 825). When viewed in the context of the entire trial, the remarks were of minimal effect, not prejudicial and were rendered harmless *(see, People v Baker,* 147 AD2d 878, 879, *lv denied* 73 NY2d 1011). Finally, the charge to the jury was proper, distinguishing the terms of intoxication and impairment as required by *People v Cruz* (48 NY2d 419, *supra).*

Judgment affirmed. Mahoney, P. J., Kane, Casey, Weiss and Harvey, JJ., concur.

---

* Defendant has not challenged the ruling which held the blood test results to be admissible.