■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TERRY D. LYNG, Appellant.—Weiss, J. Appeal from a judgment of the County Court of Saratoga County (Williams, J.),

rendered January 12, 1988, upon a verdict convicting defendant of the crime of burglary in the third degree.

At about 4:30 A.M. on October 19, 1986, Police Officers Gary Forward and Linda Quattrini responded to a radio report of breaking glass at 45 Caroline Street in the City of Saratoga Springs, Saratoga County. The officers arrived in less than one minute and discovered the glass in the door of the Turf Bar and Grill had been broken. When Police Officers Warren Wildy and Christopher Kuznia arrived, three of them entered the premises and discovered defendant crouched behind a jukebox. He had in his possession a lighted penlight and $5.75 in change. No one else was found in the building. The owner had closed the bar at 4:00 A.M., secured the premises and emptied the cash register, except for some change left in the open register drawer.

At trial, defendant raised the sole defense of intoxication. Richard Perry, a neighbor, testified that defendant was drinking wine when he joined him at 11:00 P.M. on October 18, 1986. They drank Scotch whiskey until 2:00 A.M. when Perry left in a fairly well-intoxicated condition. At that time defendant, who drank more than Perry, still had some Scotch left. On rebuttal, Wildy was recalled and testified that he had previously observed defendant in both intoxicated and not intoxicated conditions and that he believed that defendant was not intoxicated at the time of arrest. Defendant was found guilty of burglary in the third degree by a jury and now appeals.

During trial, defendant called Correction Sergeant Brendan Varley to testify to events occurring when he came on duty at the Saratoga County Jail at 3:00 P.M. on October 19, 1986. Varley was permitted to describe defendant as "quite nervous and shaky". County Court was correct in disallowing Varley's testimony regarding conversations with the jail physician about defendant's condition or that the physician telephoned a pharmacy to prescribe Librium for defendant. Repetition of Varley's observations would be cumulative and the conversations with the physician were inadmissible hearsay. In any event, the prescribed treatment was irrelevant to events more than 10 hours earlier. Defendant neither produced the physician nor pharmacy records. The court's ruling on relevancy and hearsay was entirely appropriate (see, People v Westergard, 113 AD2d 640; affd 69 NY2d 642).

Defendant argues that County Court's preliminary instructions implied that the jury should reach a verdict of guilty.

We disagree. Prompt objections were sustained and clear, curative instructions were given. Defendant's contrary interpretation is not persuasive. Neither further curative instructions nor a mistrial were requested (see, *People v Breland,* 109 AD2d 890). In any event, any possible prejudice had been dispelled.

We further find that the evidence was legally sufficient to establish defendant's intent to commit a crime when he entered the premises. On an appeal from a verdict of guilty, the evidence must be viewed in a light most favorable to the People and it must be presumed that the jury credited the People's witnesses (*People v Malizia,* 62 NY2d 755, 757, *cert denied* 469 US 932; *People v Scallero,* 122 AD2d 350). Intent may be inferred from the circumstances of the breaking and entering (*People v Mackey,* 49 NY2d 274; *People v Daye,* 150 AD2d 481; *People v Wright,* 92 AD2d 722). It was within the province of the jury to accept or reject defendant's contention that intoxication negated the required element of intent (see, *People v Kennedy,* 47 NY2d 196, 203).

Finally, we reject defendant's argument that the jury charge relieved the People of the obligation to prove guilt beyond a reasonable doubt. In his *pro se* brief, defendant argues that County Court's use of the words "moral certainty", "reasonable certainty" and "mathematical certainty" in the reasonable doubt charge was erroneous. While these challenged phrases have at times, and under conditions not here found, been held improper and erroneous (e.g., *People v Hewlett,* 133 AD2d 417; *People v La Rosa,* 112 AD2d 954; *People v Morris,* 100 AD2d 600; *People v Lanni,* 73 AD2d 538), we find that this defendant was not denied a fair trial. Taken as a whole, the charge correctly placed the burden of proving guilt beyond a reasonable doubt upon the prosecution (see, *People v Patterson,* 76 AD2d 891). Defendant failed to make timely objection (see, CPL 470.05; *People v Thomas,* 50 NY2d 467) and any possible error was dissipated by the overwhelming proof of guilt.

Judgment affirmed. Mahoney, P. J., Kane, Casey, Weiss and Harvey, JJ., concur.