■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KEVIN MISEVIS, Appellant.—Weiss, J. Appeal from a judgment of the County Court of Schoharie County (Lamont, J.), rendered July 22, 1988, upon a verdict convicting defendant of

the crimes of criminal mischief in the second degree and criminal mischief in the fourth degree.

Defendant purchased a 400-acre tract of land in the Town of Broome, Schoharie County, in June 1986 with the principal access being over Armlin Hill Road, an 8-to-10-foot-wide roadway bounded by stone walls and fences. Armlin Hill Road was a public road owned by the town, which had not been maintained for an extended period of time, and on the east side abutted lands owned by the Armlin brothers for about 2,000 feet. Defendant, without consulting the town or abutting property owners or making any other inquiry, engaged a contractor to widen the road and remove existing brush, trees, wire and stone fences. The trees and debris were pushed off the road onto the property of the Armlins, who complained to the town and caused a stop work order to be issued. Defendant was unable to settle his differences with either the Armlins or the town and, about 14 months later, was indicted on seven counts of criminal mischief, grand larceny and attempted grand larceny. The grand larceny and attempted grand larceny charges were dismissed upon motion. Following a trial, defendant was found guilty on one count of criminal mischief in the second degree, a class D felony, for the damage to the Armlin property which exceeded $1,500, and one count of criminal mischief in the fourth degree, a class A misdemeanor, for damage to the town roadway. Defendant has appealed.

Defendant first contends that the People failed to prove that he intended to damage the property of another, one of the elements required for criminal mischief in the second degree. Defendant argues that he intended only to repair and widen the roadway for access to his newly acquired land and that any damage was accidental and unintentional. That argument is unpersuasive.

Penal Law § 145.10 provides that "[a] person is guilty of criminal mischief in the second degree when with intent to damage property of another person, and having no right to do so nor any reasonable ground to believe that he has such right, he damages property of another person in an amount exceeding one thousand five hundred dollars". During the trial, the bulldozer operator testified that defendant instructed him to take down the stone walls and to remove anything else needed to make the road wider. This included wire fences and trees. He testified that he was told to push any debris off to the side of the road.

Intent may be inferred from the circumstances (see, People v

*Mackey,* 49 NY2d 274, 280), and the guilty verdict requires this court to view the evidence in the light most favorable to the People and to presume that the jury credited the People's witnesses *(see, People v Malizia,* 62 NY2d 755, 757, *cert denied* 469 US 932; *People v Scallero,* 122 AD2d 350, 352). Moreover, defendant's awareness that the road belonged to the town belies the argument that he had reasonable grounds to believe he had a right to perform the work. Nor is there any basis in the record to support a belief that the road had been abandoned or that defendant, as a citizen using the road, had authority to reconstruct it without notice or consent. Both Highway Law § 189 and *Desmond v Town of Summit* (82 Misc 2d 669) speak to town highway superintendents and not to private citizens.

We similarly reject defendant's contention that the extent or value of the damage to both the Armlin property and the town's roadway was insufficient. The People produced a qualified contractor whose opinion testimony demonstrated that the cost of repair or replacement of the damage to the Armlin property exceeded the statutory minimum of $1,500. Further, no dollar value is required to prove the charge of criminal mischief in the fourth degree. In sum, the evidence fully supports the verdict.

While the prosecutor's references to the presence of defendant's family during the trial made on cross-examination and in his summation were erroneous and the objections thereto should have been sustained *(see, People v Ashwal,* 39 NY2d 105), such conduct should be assessed for its prejudicial effect *(see, People v Brosnan,* 32 NY2d 254, 262). When viewed within the context of the entire trial, we find that such errors did not deprive defendant of a fair trial and were essentially harmless *(see, People v Patterson,* 88 AD2d 694, *affd* 59 NY2d 794).

Finally, defendant failed to preserve by timely objection his contention that the jury charge was erroneous *(see, People v Thomas,* 50 NY2d 467, 471). Moreover, the charge, when taken as a whole, was fair and properly defined the People's burden of proving guilt beyond a reasonable doubt *(see, People v Patterson,* 76 AD2d 891).

Judgment affirmed. Mahoney, P. J., Weiss, Mikoll, Yesawich, Jr., and Levine, JJ., concur.