■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DONALD SIMOENS, Appellant.—Weiss, J. Appeal from a judgment of the County Court of Chemung County (Castellino, J.), rendered February 24, 1989, convicting defendant following a nonjury trial of the crime of burglary in the third degree.

Police responded to a report of a burglary in progress during the early hours of August 12, 1988 by taking positions around the subject office building at 350 West Church Street

in the City of Elmira, Chemung County. Officer Patrick Sullivan took the southeast corner of the building where he could observe the front and the side while Officer William Wood took the rear. Officer Peter Kramer thereafter arrived and, after observing no one in the recessed front doorway, took up a position at the southwest corner where he could observe that side as well as the front. Shortly thereafter both Sullivan and Kramer heard the sound of the crash bar on the front door and observed defendant exiting from the recessed doorway. Defendant was quickly apprehended in front of the building. Defendant waived a jury and, following an unsuccessful motion to disqualify the Trial Judge, was convicted upon a bench trial and sentenced as a predicate felony offender to a prison term of 3 to 6 years. This appeal followed.

We cannot agree with defendant's first contention that the evidence was legally insufficient to establish guilt. On an appeal from a verdict of guilty, the evidence must be viewed in a light most favorable to the People and it must be presumed that the court credited the People's witnesses *(People v Malizia,* 62 NY2d 755, 757, *cert denied* 469 US 932; *People v Lyng,* 154 AD2d 787, *lv denied* 74 NY2d 950; *People v Scallero,* 122 AD2d 350). Our review of the record shows that the evidence overwhelmingly supports the finding of guilt and provides no basis to believe that County Court failed to properly weigh that evidence *(see, People v Bleakley,* 69 NY2d 490, *revg* 125 AD2d 687). The People established that the premises were closed and defendant had no authority to be in the building. An individual had been observed from afar breaking a window and entering the building through that broken window about 30 minutes prior to defendant's apprehension while fleeing from the premises. Offices had been ransacked and no one else was found in the building or in the area. The police had checked the recessed doorway from which defendant emerged, found it empty and placed it under surveillance. While a conviction based solely on circumstantial evidence may be sustained only if the hypothesis of guilt naturally flows therefrom and excludes to a moral certainty every reasonable hypothesis of innocence *(People v Davis,* 41 NY2d 678), this conviction clearly meets the standard.

Defendant next contends that the Trial Judge's refusal to voluntarily disqualify himself when considered in conjunction with his waiver of a jury trial was error. Defendant's recusal motion on two days' notice was returnable on Friday before the scheduled commencement of the trial on the following Monday. The Judge had participated in pretrial adjudicatory

functions and was aware of defense counsel's inquiry with regard to the possible sentence upon a guilty plea. However, both the waiver of a jury trial and election to proceed with a bench trial were made with full knowledge that the Judge refused to recuse himself. We do not find any exceptional circumstances *(see, People v Zappacosta,* 77 AD2d 928) suggesting an abuse of discretion *(see, People v Moreno,* 70 NY2d 403).

Equally unavailing is defendant's remaining contention that the sentence is harsh and excessive. The sentence of 3 to 6 years was less than the possible maximum. Defendant has a prior criminal history in addition to his predicate felony conviction. This court has consistently left undisturbed the exercise of discretion by the sentencing court absent extraordinary circumstances, not here found present *(see, People v Thiessen,* 158 AD2d 737; *People v Donnelly,* 103 AD2d 941).

Judgment affirmed. Mahoney, P. J., Casey, Weiss, Mikoll and Yesawich, Jr., JJ., concur.