■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v

OWEN LEWIS, III, Appellant.—Weiss, J. Appeal from a judgment of the County Court of Schenectady County (Harrigan, J.), rendered December 18, 1987, upon a verdict convicting defendant of the crime of criminally negligent homicide.

On September 14, 1986 Philip Borutta was walking alone on Paige Street in the City of Schenectady, Schenectady County, when he was confronted and attacked by defendant without provocation. As a result of the punches to the face, the victim was knocked down, struck his head on the pavement and was rendered unconscious. Borutta died of massive head injuries and complications without ever regaining consciousness. Defendant appeals his conviction for criminally negligent homicide contending that his acts did not create a substantial and unjustifiable risk of death and did not constitute a gross deviation from the standard of conduct or care that a reasonable person would observe in such a situation (see, Penal Law §§ 125.10, 15.05 [4]).

On an appeal from a verdict of guilty, the trial evidence must be viewed in a light most favorable to the People and it must be presumed that the jury credited the People's witnesses (People v Malizia, 62 NY2d 755, 757, cert denied 469 US 932; People v Lyng, 154 AD2d 787, 789, lv denied 74 NY2d 950; People v Scallero, 122 AD2d 350, 352). It was within the province of the jury to accept or reject conflicting proof (see, People v Kennedy, 47 NY2d 196, 203; People v Babala, 154 AD2d 727, 729, lv denied 75 NY2d 810). Defendant contended that there was only one blow and that the victim, after agreeing to leave the area, fell backward while backing away from defendant. However, ample evidence was presented which demonstrated that defendant engaged in criminally culpable risk-creating conduct creating or contributing to a substantive and unjustified risk of death more than sufficient to establish the crime of criminally negligent homicide (see, People v Boutin, 75 NY2d 692, 696-697; see also, People v Paul V. S., 75 NY2d 944; People v Graham, 122 AD2d 345, lv denied 68 NY2d 914). Defendant attacked a passive victim with multiple blows to the head, knocking the victim down and rendering him unconscious. Thereafter defendant laughingly left the unconscious victim unattended on the curb, coming back only to strike him on the head with a knife butt.

We also reject defendant's characterization of trial delay as a constitutional deprivation of his right to a speedy trial. Defendant was arrested on September 26, 1986 and the trial began on November 2, 1987. He had been arraigned on an indictment charging manslaughter in the first degree and

assault in the first degree on November 10, 1986, at which time the People announced their trial readiness. Defendant was granted 45 days for motions and on December 24, 1986 did make an omnibus motion. The record shows that most of the delay chargeable to defendant was caused by the omnibus motion and adjournments relating to plea negotiations and retention of new defense counsel. While several months can be attributed to the court, most of such delay was beyond the control of the People *(see, People v Watts,* 57 NY2d 299, 302-303; *People v O'Shaughnessy,* 118 AD2d 876, *lv denied* 68 NY2d 759). We find no impairment of the defense as a result of the delay.

Defendant next contends that County Court erred in its ruling on his *Sandoval* motion which permitted inquiry into his prior conviction for robbery in the second degree *(see, People v Sandoval,* 34 NY2d 371). The prosecutor properly limited his inquiry to impeachment purposes to show that defendant voluntarily placed his individual self-interests ahead of those of society. Defendant has failed to demonstrate that any prejudicial effect of such evidence outweighed its valid probative worth *(see, People v Mackey,* 49 NY2d 274, 281-282). The circumstances present show that it was defendant who offered more detail of the crime on direct examination than was elicited by the People on cross-examination and that the charged crimes lacked similarity to the prior conviction. In light of the appropriate limiting court instructions, the inquiry concerning the prior conviction was not improper.

Defendant's final argument is centered on the knife found in his vehicle at the time of his warrantless arrest. His contention that the knife should have been suppressed because the police lacked probable cause to stop him is without merit. Defendant does not challenge the underlying basis of the police suspicion and radio transmission *(see, People v Jenkins,* 47 NY2d 722), but argues only that the prosecution failed to prove that the description and information provided the arresting officers was adequate to justify his apprehension. The officers had defendant's name, a specific description of his vehicle with a license plate number, information that defendant was in the vehicle and that the vehicle was then in motion eastbound on Strong Street in Schenectady. The time was 1:30 A.M. to 2:00 A.M. and the officers apprehended defendant within minutes of the radio report while he was driving eastbound on Strong Street in the subject vehicle. The officers were informed that defendant was to be apprehended for assaulting an individual left unconscious near Paige and

Albany Streets in Schenectady. The specifics of the information conveyed to the officers was established by testimony *(see, People v Dodt,* 61 NY2d 408, 416) and provided a proper basis for the arrest. Accordingly, suppression of the knife, found in plain view, was not warranted.

Judgment affirmed. Kane, J. P., Weiss, Mikoll, Levine and Mercure, JJ., concur.