■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SCOTT J. DRAGOON, Appellant. [681 NYS2d 807] —Yesawich Jr., J. Appeal from a judgment of the County Court of Clinton County (Lewis, J.), rendered February 13, 1996, upon a verdict convicting defendant of the crime of criminally negligent homicide.

At approximately 2:00 A.M. on June 3, 1995, defendant and a friend became embroiled in a street fight with two male college students who were returning from a nearby bar. Defendant and his friend had just left a party when they saw the others— one of whom was wearing a large wig—passing by, and began taunting them. The passersby approached and a fight ensued, during the course of which defendant punched one of the students (hereinafter the victim) with such force as to cause him to be lifted off the ground, to fall backward and hit his head on the pavement. This injury ultimately proved fatal and defendant was convicted, after a jury trial, of criminally negligent homicide.

Defendant's contention that the proof was legally insufficient to support his conviction is unpersuasive. Although eyewitness accounts of the fight differed, the jury verdict constrains us to presume that it resolved these conflicts in the People's favor (*see, People v Lewis*, 165 AD2d 901, 902, *lv denied* 76 NY2d 1022). Viewed in this light, the evidence established that defendant deliberately misled the victim into believing that the former did not intend to fight, waited until the victim had turned and was moving away, then charged toward him, with fist raised, and punched him from behind—striking his face

only because the victim chanced to look back at the last moment—with sufficient force to drive him into the air and to render him unconscious. Several onlookers also testified that defendant continued to attack the victim even after he had fallen and sustained an obviously serious head injury, berating him and kicking him about the head or torso, before hastily leaving the scene. Given all of the relevant circumstances, it was not unreasonable for the jury to find (*see, People v Graham*, 122 AD2d 345, 346-347, *lv denied* 68 NY2d 914; *People v Gates*, 122 AD2d 159, 161) that this constituted "blameworthy conduct creating or contributing to a substantial and unjustifiable risk of death" (*People v Boutin*, 75 NY2d 692, 696), and that defendant's failure to perceive that risk was a "gross deviation" from the standard of reasonable care (Penal Law § 15.05 [4]), the seriousness of which "would be apparent to anyone who shares the community's general sense of right and wrong" (*People v Boutin, supra*, at 696; *see, People v Lewis, supra*, at 902).

Defendant's remaining points are equally unavailing. Of his arguments that County Court erred in its allocation of peremptory challenges, and that the prosecutor made several improper and prejudicial comments in the course of his summation, it suffices to note that they were not preserved for review (*see, People v Smith*, 192 AD2d 806, 807, *lv denied* 81 NY2d 1080). Nor did County Court err in ruling that the prosecutor would be permitted to question defendant, if he were to testify, about a previous charge of possessing an altered driver's license; although cast as a traffic violation, the conduct underlying that charge (which was dismissed in conjunction with a plea bargain) evinces an act of deceit which bears directly on defendant's credibility (*see, People v Sandoval*, 34 NY2d 371, 377; *see also, People v Chamberlain*, 178 AD2d 783, 785, *lv denied* 79 NY2d 945). And the claim that he was not afforded effective assistance of counsel, because his attorney failed to schedule a *Huntley* hearing when given an opportunity to do so, cannot be credited, for defendant has not shown that his counsel's decision to abandon his initial request for a hearing had no legitimate strategic basis (*see, People v Bass*, 236 AD2d 651, 652).

Mercure, J. P., White and Peters, JJ., concur. Ordered that the judgment is affirmed.