NOTICE

*The text of this opinion can be corrected before the opinion is published in the* <u>Pacific</u> <u>Reporter</u>. *Readers are encouraged to bring typographical or other formal errors to the attention of the Clerk of the Appellate Courts:*

*303 K Street, Anchorage, Alaska 99501*
*Fax: (907) 264-0878*
*E-mail: corrections@akcourts.us*

IN THE COURT OF APPEALS OF THE STATE OF ALASKA

KEVIN M. BERGMAN,

                    Appellant,

         v.

STATE OF ALASKA,

                    Appellee.

Court of Appeals No. A-11652
Trial Court No. 4FA-12-019 CR

O P I N I O N

No. 2488 — January 29, 2016

Appeal from the Superior Court, Fourth Judicial District, Fairbanks, Michael P. McConahy, Judge.

Appearances: David T. McGee, under contract with the Public Defender Agency, and Quinlan Steiner, Public Defender, Anchorage, for the Appellant. Patricia L. Haines, Assistant District Attorney, Fairbanks, and Craig W. Richards, Attorney General, Juneau, for the Appellee.

Before: Mannheimer, Chief Judge, Allard, Judge, and Suddock, Superior Court Judge.[*]

Judge MANNHEIMER.

Kevin M. Bergman was convicted of two counts of third-degree criminal mischief — one count for vandalizing mining equipment belonging to another man, and

---

[*]   Sitting by assignment made pursuant to Article IV, Section 16 of the Alaska Constitution and Administrative Rule 24(d).

one count for bulldozing three miles of a wilderness trail located on state and borough land near Fairbanks, widening it into a road that was accessible to motor vehicles.

In this appeal, Bergman contends that the evidence presented at his trial was not legally sufficient to support these two convictions.

With respect to the count involving the vandalism of the mining equipment, Bergman argues that the evidence was insufficient to identify him as the person who damaged the equipment. But Bergman's arguments hinge on viewing the evidence in the light most favorable to himself. When an appellate court evaluates the sufficiency of the evidence to support a guilty verdict in a criminal trial, we must view the evidence (and the inferences that could reasonably be drawn from that evidence) in the light most favorable to upholding the jury's verdict. [1]

Viewing the evidence at Bergman's trial in that light, we conclude that the evidence was sufficient to convince reasonable jurors that the State had proved its case beyond a reasonable doubt. The evidence was therefore legally sufficient to support Bergman's conviction for vandalizing the mining equipment.

With respect to the count involving the bulldozing of the wilderness trail to widen it and facilitate vehicle access, Bergman argues that the evidence failed to establish that he acted with the culpable mental state required by the statute defining the offense.

Bergman was charged under AS 11.46.482(a)(1). At the time of Bergman's offense, this statute declared that a person commits the crime of third-degree criminal mischief if, (1) acting with the intent to damage property of another, and (2) having no

---

[1]   *See*, *e.g.*, *Dorman v. State*, 622 P.2d 448, 453 (Alaska 1981); *Spencer v. State*, 164 P.3d 649, 653 (Alaska App. 2007).

right to do so, nor any reasonable ground to believe that they have the right to do so, the person (3) damages the property of another in an amount of $500 or more.

Bergman argues that the evidence at his trial was legally insufficient to establish the first of these elements — *i.e.*, to prove that he acted with the intent to "damage property of another". Bergman asserts that the evidence unequivocally established that his intention in bulldozing the trail was not to damage it, but rather to improve it.

We reject Bergman's claim because we conclude that the word "damage" in our criminal mischief statute must be interpreted so as to protect an owner's interest in using or enjoying the property as the owner sees fit — free from alterations that other people might wish to perform to make the property "better".

One analogous case we found is *People v. Misevis*, 547 N.Y.S.2d 439 (N.Y. App. 1989), where a defendant was convicted of criminal mischief for hiring a contractor to widen a public road without consulting the town government. The contractor removed trees and fences along the roadway and pushed them (as well as other debris) onto adjoining private property. [2]

The defendant was prosecuted under a New York statute that required the government to prove that he acted "with intent to damage property of another person". [3] The New York appeals court concluded that the jury could reasonably find that this element was proved because the defendant knew that the road belonged to the town, and knew that he had no authority to alter the road. [4]

---

[2]  *Misevis*, 547 N.Y.S.2d at 439-440.

[3]  *Id.*, 547 N.Y.S.2d at 440.

[4]  *Ibid.*

Similarly, in *People v. Suarez*, unreported, 2011 WL 3249266 (N.Y. App. 2011), a New York appeals court upheld the conviction of a defendant who, without permission, decided to beautify his neighbor's Belgian block wall by spray-painting it to alter its color.

In *Athey v. State*, 697 S.W.2d 818 (Tex. App. 1985), the Texas Court of Appeals upheld the criminal mischief conviction of a defendant who removed cabinets, drywall, and floor tiles from the laundry room of a house he was renting. The defendant claimed that he intended to repair a rotten floor, that he had to remove the cabinets, drywall, and floor tiles in order to repair the floor, and that he later burned the cabinets after he discovered that they, too, were rotten. [5] The defendant conceded that he did not have the landlord's permission to perform any of this work, but he testified that he never intended to damage or harm the landlord's property, and that he would have completed restorative work if he had been allowed to stay in the house. [6]

The Texas appeals court concluded that, even under the defendant's version of events, he "intentionally ... damage[d]" the landlord's house (for purposes of the Texas criminal mischief statute) because "he intended to remove the cabinets, [S]heetrock, and tiles without [the landlord's] consent", even if he might have intended to repair the damage later. [7]

Bergman's case is analogous to these decisions. Even under Bergman's version of events, he intentionally altered the trail without the landowners' permission, and this alteration significantly impaired the landowners' interests. (According to the testimony at Bergman's trial, the two landowners — the state and the borough — spent

---

[5] *Athey*, 697 S.W.2d at 820.

[6] *Ibid.*

[7] *Ibid.*

more than $18,000 to restore the trail.)  Bergman therefore acted with an intent to "damage" the property for purposes of our criminal mischief statute.

The judgement of the superior court is AFFIRMED.