People v Kopach (2025 NY Slip Op 00670)

People v Kopach

2025 NY Slip Op 00670

Decided on February 5, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 5, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
LINDA CHRISTOPHER
LILLIAN WAN
LAURENCE L. LOVE, JJ.

2021-07003
 (Ind. No. 8681/18)

[*1]The People of the State of New York, respondent,
v
Travis Kopach, appellant.

Patricia Pazner, New York, NY (David P. Greenberg of counsel; Elijah Giuliano on the brief), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove, Amy Appelbaum, and Claibourne Henry of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (Donald Leo, J.), rendered September 22, 2021, convicting him of criminal mischief in the second degree and bail jumping in the second degree, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant was indicted, inter alia, on one count of criminal mischief in the second degree in connection with damage done to a leased premises. After a jury trial, the defendant was convicted on that charge, as well as on the charge of bail jumping in the second degree.
Contrary to the defendant's contention, viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620, 621), we find that it was legally sufficient to establish the intent element of criminal mischief in the second degree beyond a reasonable doubt. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383, 410; People v Bleakley, 69 NY2d 490, 495). Upon reviewing the record here, we are satisfied that the verdict of guilt on that count was not against the weight of the evidence (see People v Romero, 7 NY3d 633). In particular, the evidence supported the conclusion that, in connection with filming music videos in the subject property, the defendant intentionally demolished significant portions of the interior of the premises, including removing sheetrock, metal studs, fireproofing, and sound insulation from the walls and ceiling, ripping out electrical cables from the walls and ceiling and leaving them exposed, destroying kitchen and office cabinets, and removing and discarding kitchen appliances. While the defendant contends that the evidence demonstrated that his intent was to renovate or improve the premises, in light of the nature of the damage done by the defendant, we conclude that the People satisfied their burden of proving beyond a reasonable doubt that the defendant, in fact, acted with the intent to damage the complainant's property (see Penal Law § 145.10; People v Misevis, 76 NY2d 777, 779, affg 155 AD2d 729).
Contrary to the defendant's further contention, the prosecutor's unsupported statement to the jury during summation that, relevant to the charge of bail jumping in the second degree, the defendant had picked the adjourned court date at which he failed to appear, did not rise to the level of depriving him of a fair trial, particularly since the jury was subsequently told that the defendant's counsel picked the date (see People v Taylor, 224 AD3d 930). The defendant's contention that he was deprived of a fair trial by other remarks made by the prosecutor during summation is unpreserved for appellate review (see CPL 470.05[2]; People v Ison, 226 AD3d 1048, 1049), and we decline to review the unpreserved contention in the exercise of our interest of justice jurisdiction.
IANNACCI, J.P., CHRISTOPHER, WAN and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court